## DAVID A. ROOD *vs.* JOHN N. B. STEVENS.

The United States bankrupt act of 1867 provided that no creditor whose debt was provable should be allowed to prosecute to final judgment any suit therefor against the bankrupt until the question of his discharge should have been determined; and that any such suit should, upon the application of the bankrupt, be stayed to await such determination, provided there was no unreasonable delay in endeavoring to obtain the discharge. A creditor whose claim accrued before the debtor went into bankruptcy brought a suit against him on the claim two years after the bankruptcy proceedings commenced, and while they were pending and before a discharge had been obtained. The debtor did not ask that the suit be stayed, but only for leave to plead his discharge when it should be granted. Six months later the defendant without objection went to trial on another issue. Judgment having been rendered against him he filed a motion in error. Held—

1. That the bankrupt act did not require a stay of the suit except upon the debtor's application, and that his application for leave to plead his discharge when obtained could not be regarded as an application for a stay of the suit.

2. That if it was to be so regarded, yet it did not follow that it was error to proceed with the trial six months afterwards by consent of both parties.

3. That as it did not appear upon the record that the bankruptcy proceedings were still pending at the time of the trial, the court could not assume that they were so pending, and predicate error upon such assumption.

Whether, as at the time of the trial two years had elapsed after the bankrupt had a right to apply for a discharge, and the delay was not explained by him, there had not been unreasonable delay in the matter: *Quære.*

CIVIL ACTION to recover for money paid for the defendant; brought to the Superior Court in Hartford County, and tried to the court before *Hovey, J.* Judgment for the plaintiff, and motion in error by the defendant. The case is fully stated in the opinion.

*C. J. Cole,* for the plaintiff in error, cited Bump on Bankruptcy, (7th ed.) 162, 567, and note; *Dingee* v. *Becker,* 9 Phila., 196; *S. C.,* 9 Nat. Bank. Reg. R., 508; *Penny* v. *Taylor,* 10 id., 202; *Gibson* v. *Green,* 45 Miss., 209, 218; *Alsop* v. *White,* 45 Conn., 499.

*D. G. Gordon*, for the defendant in error, cited *Stone* v. *Brookville Nat. Bank*, 39 Ind., 287; *Holden* v. *Sherwood*, 18 Nat. Bank. Reg. R., 111; *Holland* v. *Martin*, 123 Mass., 278.

CARPENTER, J.   In April, 1878, the plaintiff loaned to the defendant his notes to the amount of $1700, the defendant promising to pay them when due.   He failed to pay them and they were paid by the plaintiff.   On the 25th of April, 1878, after the notes were given and before payment, proceedings in bankruptcy were instituted against the defendant.   In February, 1880, this action was brought. In March the defendant filed his answer, the material part of which is paragraph ninth, which is as follows :—

"1.   On April 25th, 1878, Bottsford & Ingraham filed, in the District Court of the United States for the District of Connecticut, a petition against the defendant, that he be adjudicated a bankrupt under the laws of the United States, and the defendant was duly declared a bankrupt under said laws.

"2.   The proceedings under said petition were pending at the time of bringing this suit, and are still pending, and the defendant asks leave to plead his discharge in bankruptcy when the same is granted.

"3.   The indebtedness alleged in the complaint, if any such ever did accrue, accrued before the filing of said petition."

This paragraph was admitted.   In September following a trial was had on other questions in issue and judgment rendered for the plaintiff.   A motion in error by the defendant assigns as error "that the court erred in rendering judgment against the defendant pending the proceedings in bankruptcy."

The bankrupt act, section 5106, provides as follows:— "No creditor, whose debt is provable, shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any

such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge."

In this state of things there is no error apparent on the record.

1.  The bankrupt did not apply for a stay of the suit, and the bankrupt act does not require a stay except upon his application.  So far as the record shows the defendant without objection went to trial six months after filing his answer.  There was no error in depriving him of a privilege which he voluntarily waived.  Admitting that the answer was an application for a stay, it does not follow that it was error to proceed with the trial six months afterwards by consent of both parties.

2.  The record does not show that the bankruptcy proceedings were still pending at the time of the trial.  The proceedings may have closed and a discharge may have been refused.  That supposition is consistent with the record.  We cannot assume that the proceedings were still pending and predicate error on that assumption.

3.  As nearly two years had elapsed after the bankrupt had a right to apply for a discharge, and he had not done so, perhaps it is not too much to say, in the absence of any explanation on his part, that there had been unreasonable delay.  But not to insist on this point, we think the reasons already given are sufficient.

There is no error in the judgment complained of.

In this opinion the other judges concurred.