GEORGE W. BROWN *vs.* THE J. & E. STEVENS COMPANY
AND OTHERS.

*A,* in September, 1874, brought suit against sundry defendants, of whom *B* was one. In June, 1874, *B* had been adjudged a bankrupt and in April, 1876, received his discharge. *A* filed his claim against *B* in the bankrupt proceedings, and at the time agreed that he would not take judgment against *B* in his suit. *B* did not plead his discharge nor in any manner bring the matter to the attention of the court. The suit was continued in court till 1878, when *A* got judgment against all the defendants, which judgment was afterwards paid in full by the *S. Co.,* one of the defendants. In a suit brought by *B* against the *S. Co.* and *A,* praying that the judgment in that suit might be amended by striking out his name, and that the *S. Co.* be enjoined against prosecuting a suit brought against him for a contribution toward the amount paid by them, it was held—

1. That it was the duty of *B* to have pleaded his discharge in *A's* suit, and that, not having done so, the judgment against him was a legal one.
2. That after judgment had been rendered, *B* should have sought redress by an injunction against the enforcement of it by *A* against him ; and that in not seasonably seeking this relief he had slept upon his rights.
3. That however *A's* rights might be affected by his agreement not to take judgment against *B*, yet that the *S. Co.*, who had no knowledge of it, could not be affected by it.
4. That the provision of the bankrupt act, that no creditor proving his claim shall be allowed to maintain any suit therefor, was not one that executed itself, and that, by failing to bring the matter to the attention of the court, *B* had waived all his rights under that provision.

[Argued May 8th—decided June 13th, 1884.]

SUIT for the correction of a judgment and for an injunction; brought to the Superior Court in Middlesex County, and heard before *Sanford, J.* Facts found and judgment rendered for the plaintiff. Appeal by the J. & E. Stevens Company, one of the defendants. The case is sufficiently stated in the opinion.

*C. E. Perkins* and *S. L. Warner*, for the appellants.

*A. P. Hyde* and *D. Chadwick*, with whom was *A. B. Calef*, for the appellee.

PARK, C. J. In the month of September, 1874, Seth H. Butler, one of the defendants in this suit, brought an action against the J. & E. Stevens Company and George W. Brown & Company, copartners in business under the firm name of The American Toy Company. The firm of George W. Brown & Co. was composed of the plaintiff in this suit and Julia T. Goodrich.

The case was pending in the Superior Court in Middlesex County till the month of October, 1878, when judgment was rendered in favor of the plaintiff against all the defendants. This judgment was soon after paid in full by the J. & E. Stevens Company.

In the month of June, 1874, Brown was adjudged a bankrupt by the United States District Court of Connecticut, upon the petition of the said Butler, dated in the

month of May preceding; and in the month of April, 1876, Brown received his discharge in bankruptcy.

Brown made no motion in the Superior Court in the case of Butler against him and others, for a continuance of the cause during the pendency of the bankrupt proceedings; and after his discharge was obtained he neither pleaded it in the cause nor in any other manner brought it to the attention of the court before the judgment was rendered.

But it appears in the case that after Butler had filed his proof of claim in the bankrupt proceeding, "it was distinctly understood between him and Brown that he would not continue to hold Brown a defendant in that suit, nor seek to recover judgment therein against him."

It further appears that Brown entered no appearance in the suit, although the process was duly served upon him, and he appeared as a witness on the trial. The J. & E. Stevens Co. knew nothing of the agreement between Butler and Brown till this suit was brought.

These are the principal facts; and we think they furnish no foundation for the judgment of the court below in passing the following decree:—"It is therefore ordered and decreed by this court that the said judgment record in the case of Seth H. Butler, plaintiff, against the American Toy Company, defendants, shall be and is hereby so amended that the same shall be taken to be, and shall appear of record to have been, rendered against the said J. & E. Stevens Company and the said Julia T. Goodrich only, and not against the said George W. Brown, plaintiff in this case; and that the plaintiff recover of the defendants his costs," &c.

It is not pretended that there was any clerical error in recording the judgment decreed to be amended; nor that the judgment was in any respect whatever different from the judgment which was actually and intentionally rendered by the Superior Court in the cause.

It is not pretended that Butler, the plaintiff in that suit, was instrumental in having Brown, the plaintiff in this suit, included in the judgment, for the case finds that he did

nothing actively in regard to it, and did not know that he was included till the commencement of this suit.

That case came by reservation to this court on a finding of facts. This court advised the Superior Court to render judgment in favor of the plaintiff; which by clear intendment meant a judgment in his favor against all the defendants, there appearing nothing on the record or in the finding of facts making any distinction between them.

The Superior Court obeyed the instructions; and if the plaintiff in this suit is in danger of suffering loss in consequence, he can attribute his loss to his own negligence in not pleading his discharge in bankruptcy in that suit, or in some proper manner bringing it to the attention of the court before the judgment was rendered. But instead of doing this, he paid no attention to the matter till long after the J. & E. Stevens Company had paid the judgment, as it was rendered and recorded.

Section 5106 of the Revised Statutes of the United States is as follows: "No creditor, whose debt is provable, shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge." Bump, in his work on the Law and Practice of Bankruptcy, 9th ed., p. 680, in commenting upon this section, says: "The suggestion of bankruptcy is one to be made by the bankrupt. The continuance by the bankrupt law is to be granted upon the application of the bankrupt. The plea of a discharge in bankruptcy is a personal one, which the defendant may make or not at his own election. If the defendant declines, relying upon the discharge granted by the statute, the cause proceeds to trial. If judgment is rendered against him, it is a valid judgment, and is unaffected by his discharge. The plaintiff has no more right to suggest the bankruptcy of the defendant than he has to plead his certificate of discharge if he obtains one. He can

no more file one plea for him than he can another. The defendant is the judge of his own defense. The suggestion of bankruptcy is not like the suggestion of the death of a party; in that case no valid judgment can be rendered against the deceased. But notwithstanding the defendant's bankruptcy, a valid judgment can be rendered against him, unless he avails himself of the proceedings in bankruptcy."

In the case of *Dunbar et al.* v, *Baker*, 104 Mass., 211, the facts were as follows:—At the October term of the Superior Court in 1869 the defendant was defaulted, and the court ordered that judgment be entered for the plaintiff on the last day of the term. The term ended on December 18th, but on December 16th the defendant filed in the clerk's office of the court the following writing:—"And now before judgment the defendant comes and suggests his bankruptcy, and alleges that proceedings therein are now pending against him, and moves that the case be continued to await said proceedings." No notice was given to the plaintiffs of the filing of the motion, and they did not know of it until after the close of the term. The matter was not brought to the attention of the court, and no order was passed by the court in the case subsequent to the order for judgment. The defendant filed his petition in bankruptcy on December 16th. On December 20th he was adjudged a bankrupt, and the proceedings were pending. The clerk continued the cause without entering judgment, and at the next term of the court the plaintiffs moved that judgment be entered as of the last day of the preceding term. The court so ordered, and the defendant appealed. The Supreme Judicial Court say:—"The paper filed in the clerk's office, not brought to the notice of the court and not acted on, could not operate to vacate the order of judgment, or to affect the duty of the clerk to enter the judgment of record. The order of the Superior Court at the next term was in substance an order directing the clerk to complete his record according to the original order of the court and according to the facts of the case. It was not erroneous, and cannot be revised by this court. If the

defendant has lost any rights, it is by his own laches in not properly presenting his motion for a continuance, and obtaining an adjudication thereon before judgment."

In *Palmer* v. *Merrill*, 57 Maine, 26, the court say :—" The suggestion of bankruptcy is one to be made by the bankrupt. The continuance, by the bankrupt law, is to be granted upon the application of the bankrupt. The plea of a discharge in bankruptcy is a personal one, which the defendant may make or not at his own election. If the defendant declines relying upon the privileges granted by the statute, the cause proceeds to trial. If judgment is rendered against him it is a valid judgment, and is unaffected by his discharge."

In the case of *Eyster* v. *Gaff et al.*, 91 U. S. R., 521, the court say :—" It is a mistake to suppose that the bankrupt law avoids of its own force all judicial proceedings in the state or other courts the instant one of the parties is adjudged a bankrupt. There is nothing in the act which sanctions such a proposition. The court, in the case before us, had acquired jurisdiction of the parties, and of the subject matter of the suit. It was competent to administer full justice, and was proceeding, according to the law which governs such a suit, to do so. It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might have affected the rights of parties to the suit already pending. It was the duty of that court to proceed to a decree as between the parties before it, until by some proper pleadings in the case it was informed of the changed relation of any of those parties to the subject matter of the suit." In *Hill* v. *Harding*, 107 U. S. R., 631, the court say :—" If neither the bankrupt nor his assignee in bankruptcy applies for a stay of proceedings, the court may of course proceed to judgment."

It would seem to follow from these authorities that the judgment of the Superior Court in the case of Butler against the American Toy Company was not only valid, but was a judgment that the court was required to render under the circumstances of the case.

But it is said that, previously to the rendition of the judgment, "it was distinctly understood between Butler, the plaintiff in that suit, and Brown, one of the defendants therein and the plaintiff in this suit, that he, Butler, would not continue to hold him, Brown, a defendant in that suit, nor seek to recover judgment against him." It is said that this understanding obviated the necessity of the plaintiff in this suit filing a motion for the continuance of the cause in that case on the ground of the pendency of the bankrupt proceedings and afterwards pleading his discharge in bankruptcy after it had been obtained. But we think the agreement did not obviate the necessity of bringing the matter to the attention of the court in some proper form upon the record, so that the matter could be adjudicated, and the proper foundation laid for the judgment of the court. The cases cited hold that the bankrupt act does not require a cause to be continued during the pendency of proceedings in bankruptcy, except on the application of the bankrupt; neither can a cause of action be discharged on the ground of bankruptcy, unless the bankrupt pleads his discharge. In no other way can the discharge as applied to the particular case be contested. *Non constat*, because a bankrupt has a discharge, that it is operative to discharge the particular matter in controversy.

Bump, on the 686th page of his work on the Law and Practice of Bankruptcy, says: "There is no good reason why the bankrupt court should enter into the inquiry whether a discharge will operate to discharge any particular debt. The inquiry is one properly to be made only by the court in which a direct suit on the debt is pending, and whose determination will be a binding judgment on the question between the parties. * * * Whether a discharge will release a particular debt is a question that can only be determined properly when the discharge is pleaded in an action brought to recover it." The following cases are to the same effect: *In re Rosenberg*, 2 B. R., 236; *In re Migel*, 2 B. R., 481; *In re Seymour*, 1 B. R., 29; *In re Duncan*, 14 B. R., 18.

Although Butler, the plaintiff in the suit against the American Toy Company, may have been deprived of the right to contest the application of Brown's discharge to the subject matter of that suit, owing to the agreement that he would not seek to recover judgment against him therein, still the agreement did not deprive the other defendants of their right to contest the matter. They were interested in the question. Indeed we think it is clear that Brown could not properly be discharged by the court in that suit otherwise than by his pleading his discharge. It was necessary to lay the foundation for a judgment of discharge. It was necessary to give the other defendants an opportunity to contest its application to the case. It follows, therefore, that Brown has no cause to complain of the action of the court.

But it is said that it is inequitable for Butler to receive the benefit of a judgment against Brown, which he obtained by a violation of the agreement. In the first place, there is no allegation in the complaint as a basis for this claim. There is also no allegation that he relied upon the agreement, and was induced thereby to forego the opportunity to plead his discharge, and obtain the judgment of the court thereon. In the second place, if he was entitled to any redress on that ground, he should have sought it by an injunction against the service of an execution against him. He slept upon his rights, if he had any, till long after the judgment was rendered, and had been paid by the J. & E. Stevens Company.

It is further said that the judgment was rendered by accident and inadvertence. Accident and inadvertence of whom? There is no allegation or fact in the case that lays any foundation for this claim.

Much reliance is placed by the plaintiff upon section 5105 of the Revised Statutes of the United States, which is as follows: "No creditor, proving his debt or claim, shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him; and all proceedings already

commenced or unsatisfied judgments already obtained thereon against the bankrupt shall be deemed to be discharged and surrendered thereby." It is said that by the express terms of this statute the plaintiff in the suit against the Toy Company had no right to prosecute the action against Brown, the plaintiff in this suit, for all the proceedings therein were discharged and surrendered by his own act. But this section, like the one already considered, cannot be expected to execute itself. It must be brought to the attention of the court by the bankrupt's pleading the facts and proving them. If he fails to do this he waives his right under this section, as well as under the one we have considered.

There is error in the judgment appealed from, and it is reversed.

In this opinion the other judges concurred.