MARTIN McGOWAN v. FRANK B. BOWMAN, AND TRUSTEES.

January Term, 1905.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed November 20, 1906.

### Pleading—Discharge in Bankruptcy—Evidence.

The fact that, at the trial of an action of assumpsit before a justice,
defendant's counsel stated that defendant was in bankruptcy and
moved for a verdict, did not operate as a stay of proceedings.

In an action of assumpsit, where the evidence relevant to the issues
made by the pleadings was received without exceptions, and on
those issues the court found against the plaintiff, judgment for the
defendant to recover his costs was properly rendered, notwith-
standing some evidence not relevant to said issues, and not preju-
dicial, was received under general objections and exceptions.

GENERAL ASSUMPSIT to recover the amount of a grocery
bill, begun by trustee process. Plea, discharge in bankruptcy,
as of April 19, 1901. Replication, that the discharge does not
affect goods in hands of trustees in suit commenced March 25,
1901, that said lien was not obtained while defendant was
insolvent and will not work a preference; that plaintiff had
no reason to believe defendant insolvent, that said lien was
obtained in good faith for actual value without notice or rea-
sonable cause for inquiry respecting bankruptcy, and that de-
fendant did not permit, while insolvent, plaintiff to obtain his
preference. Rejoinder, "That the said lien in said replica-
tion mentioned was obtained in a suit which was begun against
the defendant within four months before the filing of a petition
in bankruptcy by him, and said lien was obtained and permitted
while the defendant was insolvent and its existence and en-

forcement will work a preference in favor of the plaintiff over the other creditors of the defendant," etc. Surrejoinder, "Although it be true that said lien in said rejoinder mentioned, was obtained in a suit which was begun against the defendant within four months before the filing of a petition in bankruptcy by him, yet, this plaintiff says, that he ought not to be barred from having and maintaining his aforesaid action against the said defendant by reason of anything by the said defendant in said rejoinder alleged, because he says, that said lien was not obtained and permitted while the defendant was insolvent, and its existence and enforcement will not work a preference." Trial by court at the September Term, 1904, Washington County, *Tyler*, J., presiding. Judgment for the defendant to recover his costs. The plaintiff excepted.

The facts found by the court are as follows:

"The action was brought before a justice of the peace of the city of Barre, and judgment rendered thereon for the plaintiff, the 20th of April, 1901, for $41.21 damages and $7 costs. The defendant took an appeal to the county court and gave recognizance for costs. At the justice trial, the defendant's counsel stated that the defendant was in bankruptcy, and moved for a continuance. It did not appear that the plaintiff, as a creditor of the bankrupt, had any notice of the bankruptcy proceedings other than the statement of the bankrupt's attorney before the justice and the suggestion of the bankruptcy in the county court. The plaintiff did not appear nor file his claim in the bankrupt court. In this Court, the defendant filed a plea, which, with all the pleadings, is referred to and made a part hereof. The defendant's certificate showing a discharge in bankruptcy was offered in evidence by the defendant, and admitted, and is made a part hereof. Edward H. Deavitt, referee in bankruptcy, to whom the bankruptcy case of the

defendant was referred by order of the bankruptcy court, tes-
tified, under the plaintiff's objection and exception, that a peti-
tion in bankruptcy was filed by defendant in case No. 747, and
referred to him as referee; that he did not know the signature
of the defendant, but that the petition and schedule bore the
signature of the clerk of the court in the filing on the petition,
which signature was known by the referee to be the clerk's
signature; that the defendant was the person who appeared
before him as the bankrupt in said bankruptcy case; that a peti-
tion for discharge, purporting to be signed by the defendant,
was received by him through the mail from the clerk.   Mr.
Deavitt testified that he did not know the signature to the peti-
tion was that of the bankrupt, but did know that the signature
of the clerk contained in the filing on the outside of the peti-
tion was the signature of the clerk, George E. Johnson.   Mr.
Deavitt testified that the signature upon the certificate of dis-
charge by the clerk was the signature of the clerk, George E.
Johnson.   The defendant claimed that the discharge in bank-
ruptcy was a bar to the plaintiff's recovery in this suit.   It
appeared that the discharge was granted November 26, 1902.
There was no proof of the actual filing of the petition in bank-
rup.cy, further than what appears by the certificate of dis-
charge, and Mr. Deavitt's testimony.   It appeared by evidence
not excepted to that at the time this suit was brought and at
the time of the trial before the justice the defendant's liabilities
amounted to $500 and that he had no assets excepting wages to
the amount of $40 then due to him from McDonald & Cutler,
his employers.   It did appear, through the testimony of Ed-
ward H. Deavitt, that five debts, to the amount of $41.73, were
approved in the bankruptcy case of the defendant before Ed-
ward H. Deavitt, the referee.   It did not appear in evidence
that the plaintiff knew, or had cause to believe, when he brought

this suit that the defendant was insolvent.   It was admitted
by the plaintiff that the plaintiff's claim against the defendant
was properly scheduled in the defendant's bankruptcy petition,
and in time for proof and allowance.   The plaintiff moved on
all the evidence that he was entitled to judgment for the amount
of his claim and costs; that on the foregoing facts he was·
entitled to such a judgment; that in any event no judgment
should be rendered against him, and that such a judgment
should be rendered for him as would bind the surety on the·
appeal for the costs made by the appeal from the justice's judg-
ment.   No evidence was offered by either party tending to·
show that the plaintiff had any actual notice of the bankruptcy
proceedings except as hereinbefore stated and the suggestion
of bankruptcy in the county court, March Term, 1901, as ap-
pears by the docket entries in this case which are referred to·
and made a part hereof.   There was no evidence offered tend-
ing to show whether the plaintiff appeared in the bankruptcy
case or proved his claim therein."   The trustees were McDon-
ald & Cutler, defendant's employers.

*Gordon & Jackson* for the plaintiff.

The discharge in bankruptcy does not forbid litigation to·
this extent, but on the other hand permits it.   Therefore, the·
court had no right to render the judgment it did.   It should
have rendered judgment for the amount of the plaintiff's claim,
and then if it adjudged the plea of discharge sufficient, should
have ordered a perpetual stay of the execution.   *Hill* v. *Hard-
ing*, 116 Ill. 98; *Byers* v. *First Nat'l Bank*, 85 Ill. 426; *Hill* v.
*Harding*, 130 U. S. 699.

*Burton E. Bailey* and *Edward H. Deavitt* for the defend-
ant.

The only issues made by the pleadings were the insolvency of defendant when the suit was begun, and whether the enforcement of the lien of the trustee process would work a preference in favor of plaintiff. The court found both these issues in favor of defendant upon evidence received without exception; hence, under §67c of the Federal Bankruptcy Act the lien was dissolved. Abbott's Trial Brief, 295, 299, 301; *McDonald* v. *McDonald,* 16 Vt. 630.

Under §67f said lien was dissolved, regardless of the issues made by the pleadings. *In Re Goldberg,* 10 Am. B. Rep. 97; *Bryan* v. *Bernhirmer,* 181 U. S. 188; *In Re Kenney,* 3 Am. B. Rep. 353; *Metcalf* v. *Barker,* 187 U. S. 165; *Thompson* v. *Fairbanks,* 75 Vt. 361; *In Re Kemp,* 4 Am. B. Rep. 242.

Costs, whether accruing before or after the adjudication of bankruptcy follow the debt, and a certificate of discharge bars not only the debt but the costs as well. *Harrington* v. *McNaughton,* 20 Vt. 293; *Donner* v. *Rowell,* 26 Vt. 397; *Stockwell* v. *Woodward,* 52 Vt. 228.

HASELTON, J. This was general assumpsit brought by the plaintiff against the defendant to recover the claimed amount of a grocery bill. The case was brought before a justice of the peace of the city of Barre. At the trial before the justice the defendant's counsel stated that the defendant was in bankrupty and moved for a continuance. This statement of counsel could not, however, legally operate as a stay of proceedings. The case went on and upon April 20, 1901, judgment was rendered for the plaintiff for $41.21 damages. and $7.00 costs. The defendant appealed to the Washington County Court. At the September Term, 1904, of that court trial was had by the court and judgment was rendered for the defendant to recover his costs. The pleadings as finally

made up consisted of the declaration, a plea of discharge in bankruptcy, a replication, a rejoinder in which the defendant prayed judgment and for his costs; and a surrejoinder in which the plaintiff prayed an inquiry by the country.

At one time the pleadings were different, but the earlier pleadings subsequent to the declaration had all been withdrawn, and on trial there was no general issue in the case, nor any pleadings other than those above designated. The issues made by these pleadings were: 1. Was the defendant insolvent at the time of the commencement of the suit by trustee process? and, 2, would the existence and enforcement of the plaintiff's lien acquired by the service of the trustee process work a preference?

Some evidence, not relating to the issues which the pleaders had chosen to make, but not prejudicial, was received under general objections and exceptions. These need not be considered.

The evidence relevant to the issues in the case was not excepted to, and on these issues the court, in effect, found against the plaintiff, and judgment for the defendant to recover his costs was properly rendered.

The plaintiff in argument raises various questions which under the pleadings need not be considered.

*Judgment affirmed.*