THE ROCKVILLE NATIONAL BANK *vs.* CHARLES H. LATHAM, TRUSTEE, ET AL.

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The Federal Bankruptcy Act of 1898, in so far as it is applicable, superseded and displaced the laws of this State relating to the settlement of the estates of insolvent debtors.

While one who is engaged chiefly in farming and the tillage of the soil cannot be forced into bankruptcy against his will, he may, under the provisions of the Bankrupt Act, make a voluntary assignment, and therefore the Courts of Probate of this State have no jurisdiction over such an assignment, nor any power to make orders in the settlement of the property so assigned.

Argued January 13th—decided March 5th, 1914.

APPEAL by the plaintiff from an order of the Court of Probate for the district of East Windsor approving and confirming the appointment of the defendant Latham as trustee in insolvency of the estate of the defendant Talcott, taken to the Superior Court in Hartford County where a demurrer to the reasons of appeal was overruled (*Holcomb, J.*) and, after answer, a demurrer thereto was sustained (*Case, J.*), and no amendment of the answer having been filed, judgment was rendered revoking and setting aside said probate order, from which the defendants appealed. *No error.*

The pleadings admitted by the demurrers show that on January 15th, 1913, the defendant Ralph A. Talcott of East Windsor, a person engaged chiefly in farming and the tillage of the soil, lodged in the Court of Probate for the district of East Windsor a voluntary assignment of his property for the benefit of his creditors; that the court assumed jurisdiction of the settlement of the estate, as provided by law for the settlement of the estates

of insolvent debtors, and, pursuant to our statute, approved the defendant Latham as trustee of the estate, and directed him to take possession thereof. The Rockville National Bank, an attaching creditor of Talcott, appealed from this order, and, for reasons of appeal, assigned, in substance, that the statutes of this State conferring jurisdiction upon our Courts of Probate in the settlement of the estates of insolvent debtors were superseded and suspended by the Federal Bankruptcy Act now in force, that said Court of Probate, therefore, had no jurisdiction over Talcott's estate under his assignment, and that the order appealed from was void.

*William E. Egan* and *Henry J. Calnen*, for the appellants (defendants).

*Charles Phelps*, for the appellee (plaintiff).

PRENTICE, C. J. "The Constitution of the United States gives Congress power to establish uniform laws on the subject of bankruptcies throughout the United States. At the date of the assignment to the plaintiff such laws had been established. They covered, so far as respects the rights of the parties to the case at bar, the same field previously occupied by the insolvent laws of this State, and consequently they superseded them." This statement, taken from the opinion in *Ketcham* v. *McNamara*, 72 Conn. 709, 711, 46 Atl. 146, by the substitution of the words "appellee Latham" for "plaintiff," sums up the situation in the present case, and is decisive of the Court of Probate's lack of power to make the order appealed from.

Starting with the premise, distinctly established by the case cited, that our statutes regarding the settlement of the estates of insolvent debtors comprise in the fullest sense an insolvent law, there is no escape from the con-

clusion that the Court of Probate was without authority to entertain jurisdiction in the matter of this voluntary assignment in insolvency.

The Federal Bankruptcy Act made provision for the insolvent's case, and prescribed a method to be pursued by him in securing, upon his initiative, an equitable distribution of his assets among his creditors. True he, as one engaged chiefly in farming and the tillage of the soil, could not be forced into bankruptcy; but the door of bankruptcy was open to him. The Federal statute made provision for him and his case. Our statutes also did in terms. He chose to invoke in the State courts the aid of the latter. He was not privileged to so proceed at his election. In so far as voluntary proceedings were concerned, both Federal and State legislation covered the same field. By force of the existence of the former legislation the latter was held in abeyance and superseded in respect to persons and conditions coming within the purview of the former, and the former became exclusive. *Sturges* v. *Crowninshield*, 17 U. S. (4 Wheat.) 122, 196; *Ogden* v. *Saunders*, 25 U. S. (12 Wheat.) 213, 278. Any doubt which might otherwise exist upon the subject is removed by the necessary implication arising from the provision contained in § 70 of the Federal Act, that proceedings commenced under State insolvency laws before its passage should not be affected by it. Whenever the Federal door is open the State door is automatically shut. *Ketcham* v. *McNamara*, 72 Conn. 709, 711, 46 Atl. 146. The latter door was shut to this insolvent, and as a consequence the Court of Probate was without authority to entertain jurisdiction of the assignment made by Talcott, and any order made by it in the premises was void.

The conclusions reached in *Ketcham* v. *McNamara*, *supra*, which we have adopted and applied, are not novel ones. They are supported by the great weight of

authority and reason. *Harbaugh* v. *Costello*, 184 Ill. 110, 114, 56 N. E. 363; *Parmenter Mfg. Co.* v. *Hamilton*, 172 Mass. 178, 51 N. E. 529; *Littlefield* v. *Gay*, 96 Me. 422, 424, 52 Atl. 925; *Wescott Co.* v. *Berry*, 69 N. H. 505, 506, 45 Atl. 352; *Old Town Bank* v. *McCormick*, 96 Md. 341, 351, 53 Atl. 934. Cases dealing, on the one hand, with bankruptcy legislation prior to that of 1898, or, on the other, with common-law assignments, or such assignments supplemented by State legislation, construed as being merely regulative of procedure under them and not amounting to insolvency laws, are not pertinent to conditions coming within the purview of both the present Federal Act and the insolvency laws of a State. *Mayer* v. *Hellman*, 91 U. S. 496, 502; *Ketcham* v. *McNamara*, 72 Conn. 709, 713, 46 Atl. 146.

There is no error.

In this opinion the other judges concurred.