## HARRY E. JENKINS *v.* BISHOP APARTMENTS, INC.

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued May 8—decided May 28, 1957

*Nelson Harris,* with whom, on the brief, was *Joseph R. Apter,* for the appellant (plaintiff).

*Milton A. Bernblum,* with whom, on the brief, were *Marvin C. Gold* and *Annette E. P. Gold,* for the appellee (defendant).

BALDWIN, J. The defendant brought an action against the plaintiff and his wife for unpaid rent. Process was served on them on March 20, 1953, and returned to the City Court of New Haven on April 14. A default was entered on May 1 and, after a hearing in damages, judgment was rendered on May 22, 1953. Incorporated in and made part of the judgment was an order for payment to be made by the plaintiff to the clerk of the City Court as a method under the statute of satisfying the judgment by instalments. General Statutes § 8102; Practice Book § 46. The plaintiff and his wife had due notice of these proceedings. On April 9, 1953, the plaintiff filed a petition in bankruptcy but failed to schedule the defendant as a creditor. In June, 1953, the order for payment not having been complied with, the defendant obtained an execution which the court has found was satisfied on or about August 1, 1953. Cum. Sup. 1955, § 3202d. The plaintiff has assigned error in this finding. The sheriff's return on the execution in the original action states that the execution was satisfied in full on January 22, 1954. The return is prima facie evidence of the facts stated therein. *Cugno* v. *Kaelin,* 138 Conn. 341, 343, 84 A.2d 576; *Hartley* v. *Vitiello,* 113 Conn. 74, 79, 154 A. 255. The finding is corrected accordingly. On August 5, 1953, the plaintiff amended the schedule in his petition in bankruptcy to include the defendant's claim. On November 20, and again on December 21, the plaintiff applied to the City Court for a recall of the execution and a stay of proceedings, both of which the court denied. He then instituted the present

action and specifically asked for the opening of the judgment in the original action, the recall of the execution, and the granting of such further legal and equitable relief as might be appropriate. The court found for the defendant and the plaintiff has appealed.

Before we attempt to resolve the legal issues it is necessary to consider the manner in which they have been presented. Basically, the plaintiff is seeking the correction of errors which he claims were committed by the trial court in the original action to recover unpaid rent brought against him by this defendant. He failed, however, to appeal under General Statutes § 8003 or § 3098d of the 1955 Cumulative Supplement or to seek a writ of error under § 8015. In spite of the various forms of relief incorporated in the complaint, the parties, both at the trial and in argument to this court, have treated the action as a petition for a new trial under § 8013, and the plaintiff has limited himself to the claim that the original judgment should be opened and a new trial should be ordered. Since the case was tried on that theory, we shall determine the merit of the appeal on the same basis. Maltbie, Conn. App. Proc. (2d Ed.) § 42. None of the grounds for a new trial recited in § 8013 are present unless the case falls within the general clause of the statute, "other reasonable cause." We have said that this clause includes "every cause for which a court of equity could grant a new trial, such as, for example, fraud, accident and mistake." *Milestan* v. *Tisi,* 140 Conn. 464, 469, 101 A.2d 504.

We shall consider next whether the facts of the case bring it within § 8013. The Bankruptcy Act gives to the federal courts exclusive jurisdiction in bankruptcy matters. 30 Stat. 545, as amended, 11

U.S.C. § 11; *Rockville National Bank* v. *Latham*, 88 Conn. 70, 71, 89 A. 1117. The filing of a petition in, or an adjudication of, bankruptcy does not, however, ipso facto oust a state court of jurisdiction. To avail himself of the privileges of the Bankruptcy Act, a bankrupt must take timely and appropriate action in any cause pending against him in a state court. *Rood* v. *Stevens Co.*, 49 Conn. 45, 47; *Brown* v. *Stevens Co.*, 52 Conn. 110, 115; 1 Collier, Bankruptcy (14th Ed.) §§ 11.08, 17.32; 11 U.S.C.A. § 29, notes 1, 3; 8 C.J.S. 1363, § 490. If a judgment has not been rendered in a pending action, application for a stay of proceedings should be made or the discharge in bankruptcy, if it has been granted, should be properly pleaded as an affirmative defense. *In re Innis*, 140 F.2d 479, 480, cert. denied, 322 U.S. 736, 64 S. Ct. 1048, 88 L. Ed. 1569. Upon hearing, the essential elements of the application or of the defense pleaded, as the case may be, must be proven. *Allard* v. *Estes*, 292 Mass. 187, 193, 197 N.E. 884; *Star Braiding Co.* v. *Stienen Dyeing Co.*, 44 R.I. 8, 10, 114 A. 129; *McGowan* v. *Bowman*, 79 Vt. 295, 299, 64 A. 1121; 6 Am. Jur. 594, § 55.

The plaintiff failed to enter an appearance in the suit brought by the defendant. He allowed a default to be entered and the case to go to judgment, after a hearing in damages, although he had due notice of all these proceedings. He neglected to take advantage of the remedy afforded by General Statutes § 7963 by filing a motion to open the judgment within the time prescribed. *Jacobson* v. *Robington*, 139 Conn. 532, 536, 95 A.2d 66; *Paiwich* v. *Krieswalis*, 97 Conn. 123, 125, 115 A. 720. Furthermore, he did not list the defendant's claim for rent in the schedules filed with his petition in bankruptcy. This is prerequisite to securing a discharge of the claim by

bankruptcy proceedings unless it can be shown that the creditor had notice or actual knowledge of the proceedings in bankruptcy. 30 Stat. 550, as amended, 11 U.S.C. § 35. The plaintiff's attempt to amend his schedule by adding the defendant's claim was made on August 5, 1953, nearly three months after the judgment was rendered. His application to the trial court for a recall of the wage execution issued in June and for a stay of proceedings was not made until November 20, 1953, and was repeated on December 21, 1953, more than four months after the judgment was rendered. Both were denied by the court. However successfully these rulings might have been challenged had an appeal been taken from the original judgment is of no moment. Clearly, they furnish no ground under § 8013 for a new trial. The conduct of the plaintiff throughout made the granting of his petition for a new trial unwarranted, and the court's conclusion that the plaintiff "failed to prove reasonable cause for not asserting his defense of bankruptcy in the original cause" was a proper one.

There is no error.

In this opinion the other judges concurred.