[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action. The matter was tried to the court. The court finds the issues for the plaintiff. Although the defendant did not personally attend the trial, he appeared by counsel. The defendant's attorney claims that the plaintiff is not entitled to a judgment of possession because the defendant has not lived in the premises, a single family home, for several months.
"Summary process is . . . aimed at deciding the simple question of `who is entitled to possession?'" (Emphasis added.)Urban v. Prims, 35 Conn. Sup. 233, 236 (1979); see also SouthlandCorporation v. Vernon, 1 Conn. App. 439, 443 (1984) ("The ultimate issue in a summary process action is the right to possession."). Although there is some authority for the trial court to dismiss a summary process action where the defendant no longer is in possession of the subject premises; Smith v. Jernigan, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. SPH-8511-30890-HD (January 30, 1986); Sousa v. Canzanella, Superior Court, Judicial District of New Haven, No. 8112-461 (December 31, 1981); these trial court cases are not binding on this court;McDonald v. Rowe, 43 Conn. App. 39, 43 (1996).
The defendant cites General Statutes § 47a-26d in support of his position.[1] He posits that the literal wording of the statute limits the power of the court to enter judgment in favor of a plaintiff only to those cases where "the defendant is the lessee of the complainant and holds over . . . or, if there was no lease or rental agreement, that the defendant is the occupant of such premises and has no right or privilege to occupy the same. . . ." The defendant observes that while the plaintiff has alleged that the defendant was to reside in the premises pursuant to an occupancy agreement with the plaintiff, the plaintiff has judicially admitted in another pleading filed with the court that the occupancy agreement is not a lease. However, "even if a statute is considered clear on its face, if a literal interpretation of that statute would lead to unworkable results, resort to other aids to determine legislative intent is appropriate." State v. Cain,223 Conn. 731, 744-745, 613 A.2d 804 (1992); see Conway v. Town ofCT Page 2297Wilton, 238 Conn. 653, 664-665, 680 A.2d 242 (1996); Gateway v.DiNoia, 232 Conn. 223, 237, 654 A.2d 342 (1995). "In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended." Kron v. Thelen,178 Conn. 189, 192, 423 A.2d 857 (1979). To follow the course advocated by the defendant could subvert the purpose of summary process as occupants of dwelling units suspended, albeit temporarily, their occupancy prior to the date of trial. The purpose of summary process is to provide "an expeditious remedy to the landlord seeking possession." HUD/Barbour-Waverly v. Wilson, 235 Conn. 650,658, 668 A.2d 1309 (1995). This court holds that, in the absence of a concession by an appearing defendant that he is not entitled to possession, the matter is not mooted and the court may proceed to judgment.[2] To hold otherwise and to dismiss the action could immerse the plaintiff in an unnecessary quagmire should the defendant, in a case where he appears and does not relinquish the right to possession, later seeks to reclaim possession of the premises.
The court finds the defendant's other claims unpersuasive. Specifically, the defendant's claim that there was no evidence that the notice to quit was served because the serving sheriff did not testify is contrary to settled law. While it is true that in his pleadings the defendant denied service, the plaintiff's attorney testified that he retained the sheriff to serve the defendant. The sheriff's return on the notice to quit, which was admitted as an exhibit at trial, reflects that he did serve the defendant. "The return is prima facie evidence of the facts stated therein. Cugnov. Kaelin, 138 Conn. 341, 343, 84 A.2d 576 [1951]; Hartley v.Vitiello, 113 Conn. 74, 79, 154 A. 255 [1932]." Jenkins v. BishopApartments, Inc., 144 Conn. 389, 390, 132 A.2d 573 (1957).
Judgment may enter for the plaintiff.
BY THE COURT
Bruce L. LevinJudge of the Superior Court