[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTION TO DISMISS
The defendants Lucia M. Martin (Martin) and Anna M. Consoli (Consoli) have moved to dismiss this action as to them on the ground that the court lacks subject matter jurisdiction. A claim of lack of subject matter jurisdiction can be made at any time. Practice Book § 10-33.
In the eighth through thirteenth counts of the complaint dated October 2, 1995, money damages were sought from Martin and Consoli, alleged owners of property located at 20-22 Allen Place, for personal injuries allegedly sustained by Justin Lee Pickering, the minor plaintiff, due to his exposure to lead-based paint. On March 20, 1996, Martin and Consoli each filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Connecticut.[1] Upon the filing of the petitions, the automatic stay provisions of 11 U.S.C. § 362
went into effect. As a result, the proceedings in this case against Martin and Consoli were brought to a halt. On October 24, 1996, the bankruptcy court ordered that the automatic stays be lifted and modified in each case as follows: "Wanda Sampal's minor child, Justin Lee Pickering, may pursue his lead poisoning claim in the civil action filed in the Superior Court for the State of Connecticut, Judicial District of Hartford/New Britain at New Britain, bearing Docket Number CV-95-0470124-S. Justin Lee Pickering shall not seek to collect any damages, settlements or judgments from the debtor . . . personally, or from the bankruptcy estate, that are awarded in his lead paint action." On June 11, 1996, a discharge of debtor was entered in Consoli's bankruptcy case. On August 21, 1996, a discharge of debtor was entered in Martin's bankruptcy case.
Martin and Consoli maintain that because their insurance carriers have denied or declined coverage, "the continuation of this action against the defendants violates the bankruptcy stay issued in federal court. As such, this court does not have subject matter jurisdiction over this matter." Memorandum in Support of Motion to Dismiss, p. 3. They are incorrect.
The automatic stays which entered as a result of the filing of the bankruptcy petitions, and any orders granting relief from stay, remained in effect only until the discharges were entered. Thus, while ordinarily "an order modifying an automatic stay must be strictly construed," Citicorp Mortgage, Inc. v. Mehta,39 Conn. App. 822, 827, 668 A.2d 729 (1995), the relief from stay orders are no longer in effect. Moreover, the entry of discharges CT Page 8624 completed the chapter 7 proceedings in the bankruptcy court and there is no reason to ask this court to defer the exercise of its jurisdiction.
"The filing of a petition in, or an adjudication of, bankruptcy does not . . . ipso fact oust a state court of jurisdiction." Jenkins v. Bishop Apartments, Inc., 144 Conn. 389,392, 132 A.2d 573 (1957). While the entry of the discharges put into effect an injunction "against the continuation of an action . . . to collect, recover or offset . . . as a personal liability of the debtor" any discharged debts of Martin and Consoli,[2] 11 U.S.C. § 524(a)(2), the proper method to raise the discharge issue is by way affirmative defense.[3]Jenkins, supra, 144 Conn. at 392.
Furthermore, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Thus, tort claimants have been allowed to proceed against a discharged debtor to establish liability as a prerequisite to recover from the debtor's insurer. See e.g., Green v. Welsh, 956 F.2d 30, 33-34 (2d Cir. 1992) and cases cited therein.[4]
"`Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.' Killingly v. Connecticut Siting Council,220 Conn. 516, 522, 600 A.2d 752 (1991). Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . Toise v. Rowe, 44 Conn. App. 143, 146,687 A.2d 557, cert. granted on other grounds, 240 Conn. 913,691 A.2d 1079 (1997)." (Internal quotation marks omitted.) Dumais v.Underwood, 47 Conn. App. 783, 787 (1998). There is no doubt that the Superior Court has jurisdiction to hear this case. See Conn. Const., art. I, § 10, General Statutes § 52-1.
Accordingly, the motion to dismiss is denied.
LINDA K. LAGER, JUDGE