[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a dismissal of this action by the Family Support Magistrate. By complaint dated December 12, 1997, the petitioner, on behalf of the Commissioner of Social Services, brought a paternity petition against the respondent. Upon the filing of the petition, the court directed the petitioner to make service of the Petition, Order and Summons on the respondent at the address indicated in the verified petition by leaving a true and attested copy in his hands, at his usual place of abode, or with his employer in accordance with C.G.S. Sec 52-57(f), with the further order that service and return must be accomplished no later than January 26, 1998. The return of service, dated January 10, 1998 and filed by Deputy Sheriff Joseph A. Homelson, indicates that a copy of the original papers was left at the usual place of abode of the respondent at 16 Groton Street, Unit 263, Hartford, Connecticut on January 10, 1998. This is the number, street, and city address set forth in the verified petition. The respondent did not appear.
On June 9, 1998, the petitioner appeared in court with a military affidavit in proper form in quest of a default against the non-appearing respondent. At the commencement of the petitioner's testimony, the Family Support Magistrate inquired whether counsel for the petitioner was in possession of any independent verification of the respondent's usual place of abode. When counsel indicated his belief that he had no obligation to furnish the court with such independent verification, the Magistrate dismissed the action with a finding that there was; "No proper finding of service." Transcript p. 2. This appeal followed.
The court finds that the action of the Magistrate dismissing the action was final, that the petitioner has standing to appeal, that the petitioner is aggrieved by the decision, and that the petitioner has filed a timely appeal.
The issue in this appeal is whether a petitioner in a paternity action, who presents the court with a sheriff's return stating that service was made at the respondent's usual place of abode and reciting the location, must present the trier with additional verification that the address at which the papers were served was, in fact, the respondent's abode at the time of service. Implicated in this question is whether a Family Support Magistrate has the authority to impose an evidentiary obligation on the petitioner to provide such verification even though it is not mandated by statute or the Rules of Practice. CT Page 13900
Connecticut General Statute 52-57 provides, in part:
 (a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.
Practice Book 10-32 provides, "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 10-6 and 10-7 and within the time provided by Sec.10-30." This Practice Book provision is in accord with decisional law that: "Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." StandardTallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983).
In this case the non-appearing respondent has filed no motion to dismiss. Rather, the issue of personal jurisdiction was raisedsua sponte by the Family Support Magistrate.
The Connecticut Supreme Court has stated: "the [deputy sheriff's] return is prima facie evidence of the facts stated therein." Jenkins v. Bishop Apartments, Inc. 144 Conn. 389, 390
(1957). While prima facie evidence may be viewed classically as that which is sufficient to put the question before a fact finder, in Tallow, the Supreme Court implicitly reformulated itsJenkins observation to state: "The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return." Standard Tallow Corporation v.Jowdy, 190 Conn at 53. Thus, the statement contained in the sheriff's return that he left the papers at the usual place of abode of Nicolas Orengo is not only prima facie evidence of the facts stated but the statement is entitled to the presumption that it is true unless rebutted.
The question remains, however, whether a magistrate may raise the evidentiary bar, sua sponte, by requiring greater proof of its acquisition of personal jurisdiction over the respondent than the statements contained in the sheriff's return. There is no basis in law or sound policy for such a proposition. If the trier had such authority, the evidentiary presumption and the Practice Book requirement that the defendant raise the issue of the CT Page 13901 court's personal jurisdiction would be meaningless, and a petitioner would be left with no guidance concerning the quantity or quality of proof needed to satisfy the trier of the court's personal jurisdiction.[1]
In this case, no facts were presented to the Family Support Magistrate to rebut the presumption of the validity of the sheriff's return. Confronted with the presumption of personal jurisdiction, the court was without authority to decline to assert it in the absence of any contrary evidence.[2] By terminating the proceedings without evidence, the magistrate foreclosed the opportunity to hear any evidence from which she could have determined whether the presumption of the court's acquisition of personal jurisdiction had been rebutted. Under these circumstances, dismissal of the action was erroneous.
Accordingly, the petitioner's appeal is sustained and the matter is remanded to the family support magistrate docket for proceedings not inconsistent with this decision.
Bishop, J.