[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the Family Support Magistrate (Hon. Sandra Sosnoff) on July 14, 1998 dismissing the action for want of sufficient facts to find that abode service had been completed.
The action was commenced by the Commissioner of Social Services in behalf of Wanda Rivera-Santos on May 1, 1998 by verified complaint alleging that the defendant is the father of the minor child Elizabeth M. Torres. The file includes a Return of Service signed by the deputy sheriff certifying that service of the petition and summons was made "at the usual place of abode of Luis Torres at 31 York Street, Hartford, Connecticut." The sworn affidavit of the investigator of the Department of Social Services indicates that Mr. Torres' address is 31 York Street, 2nd Floor, Hartford, Connecticut. In dismissing the action, the Magistrate indicated that she did not find facts sufficient to find abode service, and offered the state an opportunity to provide additional facts or a continuance to obtain a postal confirmation of the defendant's address.
The court finds that the action of the Magistrate dismissing the action was final, that the petitioner has standing to appeal, that the petitioner is aggrieved by the decision, and that the appeal was timely.
The transcript indicates the following colloquy.
 THE COURT: There's not — there are not facts sufficient to find abode service, Counsel. Do you have information regarding his abode?
 MR. BLANCHETTE: There's an attested abode service in the file, Your Honor.
 THE COURT: I need additional facts to find service. Ma'am, do you have information regarding where he lives?
 MS. RIVERA-SANTOS: The last I just — I don't know if it was 115 Silver Street in New Britain.
Transcript, July 14, 1998, p. 1. Thus, after the court made its ruling that there were insufficient facts to find that abode service was made, the complainant provided information to the court concerning the defendant's residence which was CT Page 3926 contradictory to the information contained in the sworn affidavit prepared by the Department's investigator.
The principal issue in this appeal is whether a court has authority to require evidence in addition to the sheriffs return to establish that abode service has been accomplished in a civil action. In a civil action, process must be served by leaving a true and attested copy of it with the defendant or at his usual place of abode. Connecticut General Statutes, Section 52-57 (a). The sheriff's return is prima facie evidence of the facts stated therein, Jenkins v. Bishop Apartments. Inc., 144 Conn. 389, 390
(1957), and there is a presumption that the matters stated in the return are true. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 (1983). In addition, the defendant bears the responsibility of moving to dismiss a case. ConnecticutPractice Book, Sections 10-30 and 25-12.
Accordingly, the Family Support Magistrate does not have the authority to require a petitioner to present additional proof of service beyond the sheriffs return. If the Family Support Magistrate or any other court had such authority, petitioners would have no way of knowing what proof of service might be required of them in any given case before any particular judicial authority. It was error and an abuse of discretion for the Magistrate to find that there were insufficient facts to find abode service where the sheriffs return indicated that the process had been left at the defendant's usual place of abode.
However, this does not end the inquiry. Having ruled that there were insufficient facts to find abode service on the defendant, the Magistrate inquired of the plaintiff concerning the defendant's place of abode. The plaintiff indicated a New Britain address, rather than the Hartford address listed on the Department's affidavit and listed on the sheriffs return.[1]
The additional information cast doubt on the presumption of the truth of the statement in the sheriffs return.
This court is not called upon to, and cannot, conclude that the plaintiffs understanding of the defendant's address is more or less reliable than the investigator's or the sheriff's. The fact that she had a different understanding, however, created a question of fact Once that question came to the Magistrates attention, she was within her authority to demand further proof of service or to dismiss the matter. Any error or abuse of discretion committed by the Magistrate in dismissing the case sua sponte for CT Page 3927 insufficiency of service of process in the face of a presumptively true sheriff's return was rendered harmless by the facts that subsequently came to light.
The decision of the Family Support Magistrate dismissing the petition is affirmed.
BY THE COURT, GRUENDEL, J.