[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The defendant has moved for Summary Judgment on the grounds that it was under a stay of proceedings pursuant to a Chapter Eleven bankruptcy filing in the Bankruptcy court for the Eastern District of Pennsylvania.
The affidavit of the general partner of the defendant (GLD) supports the claim that an involuntary bankruptcy was filed against GLD on March 7, 1997 while the plaintiff Corriveau filed his complaint in this case on December 17, 1997. (The intervening plaintiff, Mutual of Omaha Insurance Co., filed a complaint on January 14, 1998).
The plaintiff argues that a bankruptcy discharge or stay must be raised on a special defense and that, because the defendant CT Page 6674 did not do so, its Motion for Summary Judgment should be denied, relying on Jenkins v. Bishop Apartments, Inc., 144 Conn. 389
(1957). In that case the plaintiff was served with process on March 20, 1953. On April 9, 1953, the plaintiff filed a petition in bankruptcy but failed to schedule the defendant as a creditor. The Jenkins case presents a different scenario than this case, where the plaintiff commenced his action some nine months after the petition was filed. Thus, the stay was already in place when this action was brought.
The Bankruptcy Code provides that a "petition filed . . . operates as a stay . . . of the commencement of [an] action. . . ."
This is an automatic stay that deprives a state court of jurisdiction regarding any claim against the debtor. Kalb v.Feurstein, 308 U.S. 433, 84 L.Ed. 370, 374-75 (1940). Even actions which unknowingly violate the stay are void and of no effect. SeeRamdharry v. Gurer, Sup. Ct., Tolland JD, D.N. 42620 (Klaczak, J.) and cases cited therein.
Jurisdictional issues can be raised at anytime and the Court is required to determine such issues before proceeding further.
An analogy made be made to Girard v. Weiss,43 Conn. App. 397, 416 (1996). In Girard, the Court held that a Motion for Summary Judgment could be made prior to pleading a statute of limitations as a special defense and that to hold otherwise would negate the provisions of Practice Book [§ 17-44] that provides a Motion for Summary Judgment can be made "at any time."
The affidavit stating that the defendant was in bankruptcy when this action commenced is unrefuted by the plaintiff, nor is there any evidence indicating a relief from stay was sought or obtained.
For the foregoing reasons the Motion for Summary Judgment is granted.
Klaczak, J.