[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 5, 2000, the plaintiff, Kenneth Bove, filed this action in Putnam Superior Court against the defendants, Howard W. Bove (the movant) and Douglas N. Bove, seeking the partition or sale of certain real estate. The sheriff attests that verified abode service was made upon Howard W. Bove at 35 Gilman Street, Putnam, CT, and that service was made upon Douglas N. Bove at 79 Broadway, Massapequa, NY, by certified mail, return receipt. The sheriff further attests he received a signed copy of CT Page 13761 the return receipt on October 10, 2000.
On October 20, 2000, the movant filed a motion to dismiss on the ground of inadequate service of process. The movant failed to file a memorandum of law in accordance with Practice Book §§ 10-31 and 11-10,[1] but did file a supporting affidavit with his motion. The plaintiff did not file an objection to the motion to dismiss, nor did he appear at short calendar on November 6, 2000 when this motion was argued.[2]
Practice Book § 10-31 provides: "(a) The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.
"(b) Any adverse party who objects to this motion shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through 10-17 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record."
In support of his motion to dismiss, the movant filed an affidavit averring that his normal abode is 4280 South Atlantic Avenue, Daytona, FL. He has also included numerous documents showing this as his address. These include a vehicle registration, the cover (with his mailing label attached) of his 1040 federal tax form, his electric bill, bank statements and a visa statement. He also avers that he has been in Connecticut on four occasions. He cites these occasions as occurring between April and November of this year.
After being sworn in at the November 6, 2000 short calendar hearing, the movant testified to the following. When he visits this area of Connecticut, he does stay at the Gilman Street address. He has stayed there on four separate occasions this year and is currently staying there while awaiting the resolution of this motion. He does not own the Gilman Street property, nor does he have an interest in it. In addition, the movant testified that he was not at the Gilman Street address when service was made, but was in Texas seeking medical treatment for his wife.
General Statutes § 52-54 provides, in part: "The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. (Emphasis added.) The "usual place of abode" implies a place of residence within the state. See E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) CT Page 13762 § 19, p. 40. "The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Grant v. Dalliber, 11 Conn. 234, 238 [1836]." (Internal quotation marks omitted.) Collins v. Schultz, 34 Conn. Sup. 501, 503, 373 A.2d 200
(App.Sess. 1976).
"Whether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise. Jenkins v. Bishop Apartments, Inc.,144 Conn. 389, 390, [132 A.2d 573]; Cugno v. Kaelin, 138 Conn. 341, 343, [84 A.2d 576]; 1 Freeman, Judgments 228." Id. 502-02.
Based upon the movant's uncontested affidavit and sworn testimony, the court finds that he did not reside at 34 Gilman Street at the time of service of process. As a result thereof, service was inadequate to acquire jurisdiction over the movant. Accordingly, the motion to dismiss this action, as it pertains to Howard W. Bove, is granted.
Foley, J.