## BROWN & a. v. FOLSOM & a.

After the appointment of an assignee of a savings-bank, the depositors cannot maintain a creditors' bill against the debtors of the corporation.

BILL IN EQUITY. The plaintiffs, depositors in the Carroll County Five Cents Savings Bank, bring the suit in behalf of themselves and all other depositors who may join them. They allege that the defendants, who were officers, trustees, or directors of the bank, by their negligence and violations of law, and by their wilful and corrupt misconduct in various particulars set forth in the bill, occasioned great losses to the bank and to its depositors; that they made and caused to be published false statements of the affairs of the bank, showing it to be solvent when it was in fact insolvent, by means whereof the plaintiffs were induced to deposit their money, and to suffer it to remain in the bank to their loss. They say that in 1877 two of the defendants were appointed by the court as assignees of the bank, accepted the trust, and continue to act as assignees; that they neglect and refuse to commence and prosecute any action at law or equity against the officers of the bank for the causes mentioned, although they have been requested by the plaintiffs to do so. They pray that the amount of their respective losses may be determined, and that the defendants who have been officers of the bank may be decreed to pay to them such

portion of their deposits as by reason of the fraud, mismanagement, and negligence of said officers they have not received and cannot receive from the assets of the bank. The defendants demur.

*F. Weeks* and *W. L. Foster*, for the plaintiffs.

*W. J. Copeland, E. C. Banfield, J. S. H. Frink, J. G. Hall, Jeremiah Smith, S. W. Rollins, B. C. Carter, W. C. Fox, C. W. Sanborn, J. C. Bickford,* for the defendants.

CARPENTER, J.   Whether the depositors can in any case maintain a creditors' bill against a savings-bank and its debtors and persons liable to it in damages, under the provisions of G. L., *c.* 209, *s.* 3, is a question which need not be considered. The question here is, whether such a bill can be maintained after an assignee of the property and effects of the bank has been appointed by the court, and while he is engaged in the performance of his duties.

The statutes provide that the court may in a proper case appoint an assignee of any savings-bank, subject to such rules and orders as it may prescribe; that he shall give bond with such sureties as the court may approve to execute faithfully the duties of his appointment, to comply with the orders of the court, and to render an account of his proceedings to the court whenever required; that he shall take possession of all the estate, property, rights, and credits of the bank, and demand, receive, sue for, and recover the same wherever found, and may require the bank, its officers, owners, or others having any such property, or the control of it, to execute to him a conveyance or transfer thereof; that the court may make any orders necessary to carry the assignment into effect, and may restrain all proceedings at law against the bank; that the proceeds of the assignment shall be holden to pay (1) the expenses, and (2) all debts, claims, and obligations owing by the bank in equal proportion.   G. L., *c.* 166, *ss.* 13–17, and 19.   These provisions for administering the affairs of insolvent savings-banks form a complete system of insolvency under which all their property and effects are placed in the custody of the law, are converted into money and equally divided among their creditors.   The assignee is an officer of the court, subject to its order and direction.   If he fails or refuses to sue for and recover assets belonging to the bank, or to perform any other duty, he may be removed and another appointed in his place.   He may be directed to proceed and collect particular assets, but such an order is not made except upon a hearing and a showing that it is for the interest of the creditors.   An assignee is not bound and will not be required to take into his possession property which will be a burden instead of a benefit to the estate (*Smith* v. *Gordon*, 6 Law Rep. 317), nor

to bring suit for the recovery of property where the result is so uncertain that a reasonably prudent man would not undertake it. The rights of action which the plaintiffs seek to enforce are the property of the corporation, and after the appointment of an assignee, however it may be before that time, they can be enforced by him alone.

The court at the trial term will hear the parties upon the question of removing the assignees, or of ordering them to bring suit. If it is found that suit ought to be brought, the bill may be amended by making the assignees plaintiffs.

*Demurrer sustained.*

CLARK, J., did not sit : the others concurred.