PARMENTER MANUFACTURING COMPANY *vs.* H. WARREN
HAMILTON & others.

Worcester.        October 7, 1898. — November 1, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Statute — Bankrupt Law a Bar to Proceedings in Insolvency.*

The act of Congress of July 1, 1898, entitled "An Act to establish a uniform sys-
tem of bankruptcy throughout the United States," so far supersedes the insol-
vency laws of this Commonwealth from the time of its passage as to deprive
our courts of jurisdiction to entertain petitions for the commencement of insol-
vency proceedings filed after said date.

BILL IN EQUITY, praying that a decree of the judge of insol-
vency of September 6, 1898, on a petition of the defendants that
a warrant issue to a messenger to take possession of the plaintiff's
estate be reversed, that the warrant be recalled and the petition
dismissed, and that the messenger be enjoined from interfering
with the property of the plaintiff. The contention of the plain-
tiff was that at the time when the petition was filed, on August
1, 1898, the insolvency laws of the Commonwealth had been
wholly suspended by the act of Congress of July 1, 1898, en-
titled "An Act to establish a uniform system of bankruptcy
throughout the United States."

The defendants demurred, assigning as grounds therefor want
of equity; and the question of law was reserved, by *Lathrop*, J.,
for the consideration of the full court.

*C. M. Rice*, for the defendants.

*E. I. Morgan*, (*R. A. Stewart* with him,) for the plaintiff.

KNOWLTON, J.    The United States bankruptcy law passed on
July 1, 1898, ends with the following provision : " This act shall
go into full force and effect upon its passage; provided, however,
that no petition for voluntary bankruptcy shall be filed within
one month of the passage thereof, and no petition for involuntary
bankruptcy shall be filed within four months of the passage
thereof. Proceedings commenced under State insolvency laws
before the passage of this act shall not be affected by it."

The question in this case is whether this act so far superseded
the insolvency laws of this Commonwealth from the time of its

passage as to deprive our courts of jurisdiction to entertain petitions for the commencement of insolvency proceedings filed after July 1, 1898. This depends upon the intention of Congress, as manifested by the language above quoted. Of the power of Congress to pass an act having this effect, there is no doubt. Const. U. S. Art. 1, § 8, cl. 4. *Griswold* v. *Pratt*, 9 Met. 16. *In re Klein*, 1 How. 277, 280, 281. *Sturges* v. *Crowninshield*, 4 Wheat. 122, 192. *Ogden* v. *Saunders*, 12 Wheat. 213, 369. The language is materially different from that of the bankruptcy act of 1867, and from that of the earlier bankruptcy law of 1841. See U. S. St. March 2, 1867; *Day* v. *Bardwell*, 97 Mass. 246; *Judd* v. *Ives*, 4 Met. 401; *Swan* v. *Littlefield*, 4 Cush. 574. The argument that the change in question was intentional is almost irresistible. The act is to " go into full force and effect upon its passage." That is to say, the rights of all persons, in the particulars to which the act refers, are to be determined by the act from the time of its passage. Among these rights is the right to have insolvent estates settled in bankruptcy under the provisions of the act, including the rights to have acts of bankruptcy affecting the settlement of estates determined by it (§ 3), to have the rights of debtors to file voluntary petitions, and of creditors to file involuntary petitions determined by it (§ 4), and to have preferences and liens governed by the provisions of it (§§ 60 and 67). These various provisions affecting the rights and conduct of debtors and creditors are different from those previously existing in most of the States, and perhaps different from those found in the laws of any State, and they supersede all conflicting provisions. The only limitation upon the full and complete operation of the act upon its passage is that the right to begin proceedings is postponed one month in the case of voluntary petitions and four months in the case of involuntary petitions. Whenever the proceedings are commenced, the conduct of the parties after the passage of the act is to be tested by its requirements. The only saving clause affecting the jurisdiction of State courts provides for cases commenced in those courts before the passage of the act. The plain implication is that proceedings commenced in the State courts after the passage of the act are unauthorized. This is in accordance with the earlier language giving the statute full force and effect

from the time of its passage, except that the filing of petitions is to be postponed for a short time.

We are of opinion that the language was chosen to make clear the purpose of Congress that the new system of bankruptcy should supersede all State laws in regard to insolvency from the date of the passage of the statute.

*Demurrer overruled.*