Hillsborough,
  Dec., 1898.

### E. C. WESCOTT Co. *v.* BERRY *& a.*

The act of congress approved July 1, 1898, entitled "An act to establish a uniform system of bankruptcy throughout the United States," so far supersedes the insolvency laws of this state from the time of its passage as to deprive the probate court of jurisdiction to entertain petitions in insolvency proceedings filed after that date.

BILL IN EQUITY, alleging that the plaintiffs are a corporation organized under the laws of this state; that they were decreed to be insolvent debtors upon a creditor's petition filed in the probate court for this county, October 20, 1898, under the provisions of *c.* 201, P. S.; that the defendant Berry was appointed messenger, and as such claims the plaintiffs' property; and that the proceedings in the probate court are void. The prayer is

for a reversal of the decree of the probate court, and an injunction to restrain Berry from interfering with the plaintiffs' property. The defendants demurred.

*George W. Prescott* and *John B. Cavanaugh*, for the plaintiffs.

*George A. Wagner, William H. Drury,* and *Burnham, Brown & Warren,* for the defendants.

YOUNG, J. The power of the several states to enact insolvency laws is subject to the power of congress to establish "uniform laws on the subject of bankruptcies throughout the United States." Accordingly, a general bankruptcy act suspends state insolvency laws from the time it goes into effect. *Chamberlain* v. *Perkins,* 51 N. H. 336, 340; *Rowe* v. *Page,* 54 N. H. 190.

The act of congress approved July 1, 1898, entitled "An act to establish a uniform system of bankruptcy throughout the United States," went "into full force and effect upon its passage," with the proviso that "no petition for voluntary bankruptcy shall be filed within one month of the passage thereof, and no petition for involuntary bankruptcy shall be filed within four months of the passage thereof. Proceedings commenced under state insolvency laws before the passage of this act shall not be affected by it." This provision in respect to the taking effect of the act differs materially from that contained in the bankruptcy act of March 2, 1867, which by its terms took effect, "as to appointment of officers created hereby and the promulgation of rules and general orders, from and after the date of the approval; *provided,* that no petition or other proceedings under this act shall be filed, received, or commenced before the first day of June, *Anno Domini,* 1867."

The act of 1898 provides in terms that it shall go "into full force and effect upon its passage." The proviso simply postpones the time when the rights secured by it to both debtors and creditors may be exercised. The rights themselves accrued from the passage of the act, and there is no apparent reason why it should go into effect on one date for debtors voluntarily availing themselves of its provisions, and on a date three months later for creditors desiring to put their debtors into bankruptcy. If such were the intention of the law, there would be a period of three months in which the act of congress would control the proceedings if they were begun by the debtor, and the state law, if they were begun by creditors; and if within this time creditors filed a petition under the state law, the debtor might oust the state court of jurisdiction by voluntarily filing a petition under the bankruptcy act. The provision that "proceedings commenced under state insolvency laws before the passage of

this act shall not be affected by it," seems conclusive evidence that this was not the intention of congress; for the provision, that this act shall not affect proceedings begun under the state law before its passage, necessarily implies that no proceedings can be brought under state insolvency laws after that date. *Parmenter Mfg. Co.* v. *Hamilton,* 172 Mass. 178. Chapter 201, P. S., was suspended October 20, 1898, when the plaintiffs' creditors filed their petition, and all proceedings under it were void.

*Demurrer overruled.*

PEASLEE, J., did not sit: the others concurred.