ARTHUR S. LITTLEFIELD, Assignee in Insolvency,

*vs.*

EPHRAIM GAY.

Knox. . Opinion April 29, 1902.

*Insolvency. Bankruptcy.*

While the bankrupt law of the United States is in force, the insolvent law of the state is suspended as to all persons and cases which are within the purview of the bankrupt law.

This is so as to debtors, owing less than $1000, who cannot be put into bankruptcy by adverse proceedings, but may voluntarily invoke its provisions.

*Held;* that a petition in insolvency under the statutes of Maine, filed Dec. 4, 1899, is ineffective during the pendency of the U. S. bankrupt law; and the appointment of an assignee under such proceedings is unauthorized and void.

Exceptions by plaintiff.    Overruled.

Action by the plaintiff as assignee of F. A. Blackington, of Rockland, insolvent debtor, to recover a preference under the insolvent law of Maine. The petition in insolvency was filed Dec. 4, 1899, by the insolvent's creditors, and the plaintiff was appointed assignee.

The other material facts are stated in the opinion.

*C. E. and A. S. Littlefield,* for plaintiff.

It is not the right to establish uniform laws on the subject of bankruptcy, but their actual establishment, which is inconsistent with the partial acts of the states. *Sturges* v. *Crowninshield,* 4 Wheat. 122, 196.

By some courts it has been and still is held, that state insolvent laws are not superseded or suspended by the bankrupt law; and that jurisdiction might be exercised under the insolvent law until proceedings had been commenced under the act of Congress. *Damon's Appeal,* 70 Maine, 155; *In re Scholtz,* 106 Fed. Rep. 835.

The state insolvent laws have never been suspended in terms by any national bankruptcy law. The suspension has always been by

implication, by reason of their inconsistency with the provisions of the bankruptcy act. The matter at bar is analogous to the two statutes passed in 1836 and 1838, respectively, in Massachusetts, concerning which the court of that state held, that so far as it affected the same class of persons, the latter statute superseded the former. *Griswold* v. *Pratt*, 9 Met. 22; *Pugh* v. *Russell*, 2 Blackf. 396.

The insolvent law is not suspended as to cases to which it applies, until the bankruptcy law takes effect as to those cases. *Day* v. *Bardwell*, 97 Mass. 254.

The suspension is only partial. *Judd* v. *Ives*, 4 Met. 402; Am. & Eng. Encl. of Law, 2nd Ed. Vol. 16, p. 642, 643; *Palmer* v. *Hixon*, 74 Maine, 447; *Simpson* v. *Savings Bank*, 56 N. H. 475; *Harbough* v. *Costello*, 184 Ill. 113; Black on Bankruptcy, p. 271; Bump on Bankruptcy, 10th Ed. p. 308; *Lothrop* v. *Highland Foundry*, 128 Mass. 122; *In re Worcester*, 102 Fed. Rep. 816; *Eames case*, 8 Fed. Cas. 237.

From the foregoing authorities it would seem, that had the bankrupt law provided that no person could become either a voluntary or an involuntary bankrupt unless he owed debts of at least $1000, the state insolvency law would in no way be affected.

Counsel contended that the mere fact that the debtor may at his option petition himself into bankruptcy, but may not be forced in unless owing $1000 or more, should not alter the rule, or the right of the creditors to institute involuntary proceedings in insolvency under state law. *Boese* v. *King*, 108 U. S. 379. Counsel also cited: *Clarke* v. *Ray*, 1 H. & R. 330; *Shepherdson's Appeal*, 36 Conn. 24.

*L. M. Staples*, for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, PEABODY, JJ.

STROUT, J. The question here involved is whether the insolvency law of this state is superseded by the bankrupt act of the United States, as to debtors owing more than three hundred dollars and less than one thousand.

The insolvent law of this state is not wholly superseded by the bankrupt act, but when they come in conflict, the latter must prevail.

*Damon's Appeal,* 70 Maine, 155. So far as the person and subject matter falls within the provisions of the bankrupt act, and is within the jurisdiction of the bankrupt court, the state insolvency law is superseded and cannot be invoked. *First National Bank of Guilford v. Ware,* 95 Maine, 395; *Ogden v. Saunders,* 12 Wheat. 213; *Ex parte Eames,* 2 Story, 324.

In the case before us Blackington, the insolvent debtor, owing less than one thousand dollars, was petitioned into insolvency in 1899 by his creditors, while the United States bankrupt act was in force. The state insolvency court took jurisdiction, decreed him insolvent and appointed the plaintiff assignee. This action is to set aside a conveyance by Blackington as a preference under the state law.

Under the bankrupt law Blackington could have gone into bankruptcy voluntarily, but could not be forced in by his creditors, under involuntary proceedings. He was asked to go in and refused. It is argued with great ability, that in that condition, the state insolvency law may be invoked. Plausible as the argument is, we do not regard it as sound. At any time after proceedings under the state law, Blackington could have voluntarily invoked the bankrupt law, and thereupon all proceedings under the state law would necessarily cease. The test of jurisdiction under the state law does not rest upon the volition of the debtor. If his person and property are or may be subject to the bankrupt law, then as to him and his possessions the state insolvency law is in abeyance and powerless. Upon any other view, it would be in the power of the debtor at any time to oust the jurisdiction of the state court, after it had been assumed. This would result in great confusion. It may be avoided by holding as we do, that where the person falls within the purview of the bankrupt act, whether by voluntary or involuntary proceedings, the state insolvent law must be silent.

When this case was previously before the court, we said that there might be cases where the insolvency court would have jurisdiction, notwithstanding the bankruptcy act. If such cases can arise, it can only be in instances not within the purview of the bankrupt act, where its provisions cannot be invoked either by the debtor or his creditors. This case does not fall within that rule.

It follows that the insolvency court was without jurisdiction in this case, and the appointment of plaintiff as assignee was unauthorized and void. He therefore has no standing in court.

*Exceptions overruled.*