### HICKMAN *v.* PARLIN-ORENDORFF COMPANY.

#### Opinion delivered January 4, 1909.

BANKRUPTCY—EXCLUSIVENESS OF ACT OF CONGRESS.—The State insolvency act of June 26, 1897, was superseded by the bankruptcy act of Congress of July 1, 1898, in so far as they relate to the same subject-matter and affect the same persons.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Thomas & Lee,* for appellant.

*C. F. Greenlee,* for appellee.

BATTLE, J. This is an action by W. E. Hickman against his creditors, in which he asks to be declared an insolvent, and that a

receiver be appointed to take charge of his property and distribute it among his creditors in accordance with an act of the General Assembly of Arkansas, entitled "An Insolvent Act," approved June 26, 1897, (Acts 1897, p. 117), which was done. Plaintiff asked that he be allowed to hold certain property as his exemption from seizure or sale for debt. M. C. Hickman and D. D. Hickman, claiming to be creditors, presented claims against his estate, each claiming $1,000. The court disallowed the claim for exemption and the claims of M. C. and D. D. Hickman, and ordered that the assets in the hands of the receiver be distributed among the other creditors in accordance with the insolvency act. Plaintiff and M. C. and D. D. Hickman appealed.

The insolvency laws of Arkansas were suspended by the bankruptcy act of Congress of July 1, 1898, and since that date have remained and are now in abeyance, in so far as they relate to the same subject-matter and affect the same persons as the act of Congress, which is still in force. *Sturges* v. *Crowninshield,* 4 Wheat. 122; *Ogden* v. *Saunders,* 12 Wheat. 213; In re *Smith,* 92 Fed. 135; In re *Watts,* 190 U. S. 1; *Parmenter Mfg. Co.* v. *Hamilton,* 172 Mass. 178, s. c. 70 Am. State Rep. 258; *Harbaugh* v. *Costello,* 184 Ill. 110, cases cited in note 45 L. R. A. p. 186, 187; 5 Cyc. 240, 241, and cases cited.

In this case the plaintiff is an insolvent merchant, and seeks relief provided by the bankruptcy act of Congress. The chancery court was without jurisdiction, and its decree is void.

Decree reversed and cause remanded for the court to adjust the account of the receiver and the disposal of the property in the custody of the court, and for other proceedings, if necessary.

McCULLOCH, J., dissents.