In re WEEDMAN STAVE CO.

(District Court, E. D. Arkansas, W. D. November 8, 1912.)

1. BANKRUPTCY (§ 9*)—STATE INSOLVENCY LAWS—SUSPENSION BY BANKRUPT-CY ACT—JURISDICTION OF STATE COURT.

The provisions of Kirby's Dig. Ark. §§ 949–952, authorizing a court of the state to take possession of the assets of an insolvent corporation and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

distribute the same through its receiver pro rata among its creditors after payment of wages and salaries, which constitute preferred claims, requiring all creditors to prove their claims within a stated time, or be barred, and dissolving all preferences obtained within 90 days, constitute a state insolvency law, which was suspended by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418); and the appointment of a receiver from a corporation thereunder is absolutely void for want of jurisdiction, and such a receiver may be required to turn over the assets of the corporation to a receiver or trustee appointed by a bankruptcy court at any time thereafter, whether within four months or not.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 7–9; Dec. Dig. § 9.*

Effect of national bankruptcy act on state insolvency laws and on assignments for benefit of creditors, see note to Carling v. Seymour Lumber Co., 51 C. C. A. 11.]

2. BANKRUPTCY (§ 76*)—INVOLUNTARY PROCEEDINGS—ELIGIBILITY OF PETITIONERS—ESTOPPEL.

Participation by a creditor in insolvency proceedings against his debtor in a state court, which was without jurisdiction, does not estop him from afterward joining in a petition to have the debtor adjudged a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 56, 97, 99, 100; Dec. Dig. § 76.*]

In the matter of the Weedman Stave Company, bankrupt. On motion for dissolution of restraining order, and to set aside an order requiring a receiver of a state court to turn over property to receiver in bankruptcy. Motion denied.

Proceedings of involuntary bankruptcy were instituted by a creditor in this cause; the act of bankruptcy alleged being that within four months the bankrupt admitted in writing its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground. On the same day the petitioner asked for the appointment of a receiver to take charge of the assets of the bankrupt, which, it was alleged in the application for the receiver, were in the hands of J. N. Doroughty, who had been appointed as receiver by the chancery court of Prairie county, Ark., in an action pending in said court instituted under the insolvency laws of the state of Arkansas for the purpose of distributing the assets of said corporation as an insolvent, that the said receiver is about to dispose of the funds in his hands unless restrained by this court from doing so, and that the court require him to pay all the funds in his possession belonging to the Stave Company to the receiver in bankruptcy, to be administered as prescribed by the Bankruptcy Act. Upon the execution of a bond by the petitioner, the court appointed a receiver and granted a temporary restraining order to restrain the receiver of the state court from distributing or disposing of any of the assets which came to his hands as the property of the bankrupt, and requiring him to turn the same over to the receiver of this court, and, in conformity with the usual practice of this court, directed its receiver to apply to the chancellor of the state court for an order directing its receiver to turn over the assets of the bankrupt to him. The receiver of the state court has now moved this court to set aside the order to turn the property over to the receiver in bankruptcy and to dissolve the temporary injunction. There are two grounds alleged for the motion: First, that the insolvency proceedings in the chancery court and his appointment as receiver occurred more than four months prior to the institution of the proceedings in bankruptcy in this court; second, that the petitioner in the bankruptcy proceedings intervened in said cause pending in the chancery court, and is therefore estopped from attacking those proceedings.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. H. Harrod, of Little Rock, Ark., for receiver of state court.
H. M. Trieber, of Little Rock, Ark., for receiver in bankruptcy.

TRIEBER, District Judge (after stating the facts as above). Does the fact that the proceedings in the state court and the appointment of the receiver by that court were consummated more than four months prior to the institution of the bankruptcy proceedings prevent this court from taking charge of the assets of the bankrupt and require him to deliver them to the officer of this court, when the proceedings in the state court which resulted in the appointment of the receiver were under the insolvency laws of the state of Arkansas?

Counsel for the receiver of the state court relies upon the general statements, found in all the text-books on bankruptcy and in many of the decisions, that:

"If no proceedings in bankruptcy are instituted within four months after the appointment of a receiver by the state court, the proceedings cannot be successfully assailed by a trustee in bankruptcy, subsequently appointed, or by creditors."

On the other hand, counsel in the bankruptcy proceedings contends that:

"While this is the correct rule of law when applied to proceedings in the state court of which that court has jurisdiction, it is inapplicable when that court is wholly without jurisdiction and its decrees, therefore, subject to collateral attack."

And it is claimed that:

"The proceedings in the state court under the insolvency laws of the state of Arkansas are void, because these laws are suspended by the Bankruptcy Act [Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3420)] as to all subjects which are covered by that statute."

An examination of the authorities cited to sustain the rule of law advanced by counsel for the receiver of the state court, as found in the text-books on which he relies, shows that in none of these cases was the jurisdiction of the court questioned; the only question involved in those cases being whether the appointment of a receiver was an act of bankruptcy, a preference, or a lien voidable under sections 67c and 67f of the Bankruptcy Act, and therefore they are inapplicable to the instant case. Are the acts of the state court appointing the receiver absolutely void?

[1] The first question to be determined is whether the Arkansas statute, under which the proceedings in the state court were had, is an insolvency law. What constitutes an insolvency law? The elements of an insolvency law are insolvency, surrender of property, its administration by a receiver or trustee, distribution of the assets among the creditors, and a provision for priorities or other matters not permissible in the absence of such a statute. A provision for the discharge of the debtor from the unpaid balances of his debts is not essential to make it an insolvency law. In re Curtis (D. C.) 91 Fed. 737; In re F. A. Hall Co. (D. C.) 121 Fed. 992; In re Salmon (D. C.) 143 Fed. 395; Harbaugh v. Costello, 184 Ill. 110, 56 N. E. 363, 75 Am. St. Rep. 147. By reference to the statutes of Arkansas (sections 949

to 952, inclusive, Kirby's Digest of the Statutes of Arkansas), it will be found that this act contains every one of these essentials. Section 949 provides for preferences for wages and salaries of laborers and employés and prohibits all others; section 950 authorizes the court to take charge of all assets of the insolvent corporation and distribute them pro rata among the creditors after paying the wages and salaries due laborers and employés; section 951 directs all preferences obtained within 90 days, whether by attachment, confession of judgment, or otherwise, to be set aside by the chancery court, and the creditor be required to release his preference and accept his pro rata share in the distribution of the assets of the insolvent corporation; and section 952 requires notice to be given to the creditors to present their claims within 90 days or be barred.

That this act is an insolvency act has been practically determined by the Supreme Court of this state in Roberts Cotton Oil Co. v. F. E. Morse Co., 97 Ark. 513, 135 S. W. 334. Being an insolvency law, it is no longer open to contention that as, since the enactment of the amendatory act of June 25, 1910 (36 Stat. 839, c. 412 [Supp. of 1911 to U. S. Comp. Stat. 1901, p. 1494]), this corporation could have become a voluntary bankrupt or be proceeded against in insolvency proceedings, it suspended the state insolvency law as to this cause. This has been the well-settled rule in the national courts ever since the decisions in Sturges v. Crowinshield, 4 Wheat. 122, 4 L. Ed. 529, and Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606, and has been followed under the present Bankruptcy Act. It would serve no useful purpose to cite the numerous cases of the national courts under the present act. It is sufficient to refer to what was said in Re Watts & Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933.

This rule has been recognized and followed with approval by the highest courts of practically all the states which had the question before them. Martin v. Berry, 37 Cal. 208; Ketcham v. McNamara, 72 Conn. 709, 46 Atl. 146, 50 L. R. A. 641; Corner v. Coates, 69 Ga. 491; Harbaugh v. Costello, 184 Ill. 110, 56 N. E. 363, 75 Am. St. Rep. 147; Littlefield v. Gay, 96 Me. 422, 52 Atl. 925; Moody v. Port Clyde Dev. Co., 102 Me. 365, 66 Atl. 967; Lavender v. Gosnell, 43 Md. 153; Parmenter Mfg. Co. v. Hamilton, 172 Mass. 178, 51 N. E. 529, 70 Am. St. Rep. 258; Foley-Bean Lumber Co. v. Sawyer, 76 Minn. 118, 78 N. W. 1038; Sadler v. Immel, 15 Nev. 265; Westcott v. Berry, 69 N. H. 507, 45 Atl. 352; Potts v. Smith Mfg. Co., 25 Pa. Super. Ct. 206; Id., 12 Am. Bankr. R. 392; Peckham's Assigned Estate, 35 Pa. Super. Ct. 330; Mauran v. Crown Carpet Lining Co., 23 R. I. 324, 50 Atl. 331; Second Ward Bank v. Schranck, 97 Wis. 258, 73 N. W. 31, 39 L. R. A. 569; Duryea v. Muse, 117 Wis. 399, 94 N. W. 365; Steelman v. Maddix, 36 N. J. Law, 344; Appeal of Geery, 43 Conn. 289, 21 Am. Rep. 653; Orr v. Lisso, 33 La. Ann. 476; Barber v. Mexico International Co., 73 Conn. 587, 48 Atl. 758. And the Supreme Court of this state has expressly recognized this rule in Hickman v. Parlin-Orendorff Co., 88 Ark. 519, 115 S. W. 371. In that case the question of jurisdiction of the chancery court was not raised in the trial court, nor upon appeal in the Su-

preme Court by either party; but the court, of its own motion, took notice of it, and held the decree of the chancery court absolutely void for want of jurisdiction.

[2] The proceedings of the chancery court being coram non judice, and therefore absolutely void, and subject to collateral attack, the petitioner in the bankruptcy proceedings cannot be estopped by presenting its claim to that court. It requires no elaborate citation of authorities to sustain the proposition that consent cannot confer jurisdiction. Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870. In Hickman v. Parlin-Orendorff Co., supra, the party had intervened. The chancery court of Prairie county having acted in this proceeding without jurisdiction, the possession of the receiver is wrongful, as much so as if the chancery court should see proper to appoint an administrator, although under the Constitution of this state the probate court alone is authorized to do that. The possession by a receiver thus appointed by a court without jurisdiction makes him a trustee for the benefit of the true owner, the bankrupt corporation in this case, before the appointment of a receiver by this court, and now for the receiver of the bankrupt estate.

The motion of the receiver, asking for a dissolution of the restraining order and the setting aside of the order directing the receiver of the state court to surrender the property to the bankruptcy court, is denied. All expenses incurred by the receiver for the preservation of the property, and compensation for his services to the extent they were beneficial to the estate, will be allowed, when presented to this court, in conformity with the rule laid down in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165.