Grafton,
April 7, 1931.

UNITED STATES *v.* PEOPLE'S TRUST COMPANY *& a.*

· *Raymond U. Smith,* United States attorney (by brief and orally), for the plaintiff.

*Robert W. Upton* (by brief and orally), for the defendants.

MARBLE, J.   On January 13, 1925, the defendant trust company, a banking corporation, was enjoined by the superior court from receiving or paying deposits, and on January 30, the bank commissioners, then three in number, took possession of the property and business of the corporation in accordance with the provisions of Laws 1915, c. 97, s. 1 (P. L., c. 268, s. 2).

The commissioners remained in control of the trust company's affairs until the reorganization of the commission, July 1, 1925, when the duties of the three commissioners were assumed by a single commissioner.   Laws 1925, c. 143; P. L., c. 259.   The present commissioner, appointed September 26, 1930, appears as a party defendant.

At the time the injunction was issued, certain postmasters had on deposit in the mercantile department of the trust company postal funds belonging to the plaintiff.   Proof of these claims was seasonably made and presented to the commissioners, who allowed them as gen-

eral claims against the funds in their hands, but rejected them "so far as a preference was concerned." Notice of this rejection was duly served upon the claimant. A bill in equity brought by the plaintiff in the federal court to establish the priority of the claims under U. S. Rev. Stat., s. 3466, was dismissed for lack of jurisdiction. *People's Trust Co.* v. *United States*, 23 Fed. Rep. (2d) 381.

The defendants concede that the trust company was and is insolvent and do not question the findings of the trial court. The commissioners assumed control of the bank "because it was believed to be insolvent," and its affairs are now in process of liquidation.

Section 8 of chapter 68 of the Laws of 1911 (P. L., c. 268, ss. 14, 15) provides that if the commissioners "doubt the justice and validity of any claim" they may reject it, and that no action upon a claim "so rejected" shall be entertained unless brought within six months after service upon the claimant of the notice of such rejection. Since the present action was not brought within the designated time, the defendants contend that the findings of the commissioners have become absolute and that the plaintiff cannot now question their propriety.

This argument is effectually refuted by *Bingham*, Circuit Judge, in *People's Trust Co.* v. *United States, supra*, when he says (*p.* 383): "Then, again, the commissioner under sections 13 and 14, chapter 268, is authorized to allow or reject claims. He has no authority to pass upon the question of priority. Having allowed the complainant's claim and reported it to the superior court in the list of claims passed upon by him, the questions of priority or order in which payment should be made upon it and other allowed claims, and the amounts that should be paid at a given time, are for the superior court to determine in its decree of distribution. Section 19, chapter 268."

By the express terms of the insolvency act, so-called, debts due the United States are entitled to priority (P. L., c. 401, s. 31), and section 29 of chapter 268, which concerns the distribution of the assets of an insolvent bank, should be construed with reference thereto. *People's Trust Co.* v. *United States, supra*, 384.

"The provisions of the statute of this state relating to the insolvency of an institution of this kind (P. S., c. 162, ss. 12-25) form a complete system of insolvency law, under which the property of the institution may be placed in the custody of the law, converted into money, and divided among its creditors, and the corporation practically dissolved." *Bank Commissioners* v. *Association*, 70 N. H. 557, 560. See also *Brown* v. *Folsom*, 62 N. H. 527, 528.

Thus it has been held that in distributing the proceeds of the property of an insolvent trust company section 14 of the insolvency act respecting the allowance of claims and interest should prevail (*Bank Commissioners* v. *Company*, 69 N. H. 621, 623), and that secured creditors must credit upon their claims the value of the securities held by them in accordance with section 21 of that act (*Bank Commissioners* v. *Company*, 70 N. H. 536).

Chapter 268 of the Public Laws does not differ materially from the corresponding sections of P. S., *c.* 162, which were operative when the foregoing decisions were rendered, except that the bank commissioner is himself required to supervise the liquidation of the bank's affairs rather than to petition the court for the appointment of an assignee. Consequently the same rule of construction which governed the earlier statute should be applied and P. L., *c.* 268, *s.* 29 be held to embrace the provision of P. L., *c.* 401, *s.* 31, that debts due the United States "shall be paid in full."

While it is commonly said that the bankruptcy law of 1898 supersedes the insolvency act (*Wescott* v. *Berry*, 69 N. H. 505), this is true only so far as the two acts conflict. *Johnson* v. *Crawford*, 154 Fed. Rep. 761; Black, Bankruptcy (4th *ed.*), *s.* 16, and cases cited. Banking corporations are expressly excepted from the operation of the federal act. Therefore the "complete system of insolvency law" (*Bank Commissioners* v. *Association, supra*) under which the affairs of a state bank may be liquidated remains in full force. 7 C. J. 23, and cases cited. See also *Simpson* v. *Savings Bank*, 56 N. H. 466.

Since the plaintiff's claim must be given preference under the laws of this state, it is unnecessary to decide whether it is not also entitled to priority under U. S. Rev. Stat., *s.* 3466. For a critical discussion of the cases in which that statute has been construed, see 39 Harv. Law Rev. 1.

*Exceptions overruled.*

All concurred.