STATEMENT BY THE COURT.
A petition was filed in this court for a writ of prohibition against A. L. Hutchins as chancellor and the other respondents to prevent them from proceeding with the winding dip of the insolvent corporation of James 
Echols Company, and to enforce the sale of the assets of said company under an execution duly issued on a judgment in favor of the petitioner against said James 
Echols Company. *Page 35 
It was alleged that the petitioner, a corporation existing under the laws of Illinois and engaged in business in Arkansas as a foreign corporation, recovered judgment on the 15th day of August, 1932; in the Woodruff Circuit Court against defendant, James Echols Company, a domestic corporation, doing business in Woodruff County, a copy of the judgment being attached as Exhibit A.
On the 5th day of November, 1932, petitioner procured a writ of execution upon the said judgment and placed it in the hands of the sheriff of Woodruff County for levy; and on or about the 23d day of December, 1932, the sheriff levied on a stock of goods, merchandise and fixtures belonging to said James Echols Company, advertised the same for sale on the 4th day of January, 1933; and thereafter F. M. Dendy, respondent herein, on the ____ day of January, 1933, filed in the Woodruff Chancery Court a "Petition of Creditors," a copy of which is attached as an exhibit to this petition. On the 3d day of January, 1933, the respondent chancellor of the Fifth District upon said petition issued the order restraining the sheriff from proceeding with the execution sale, appointed the respondent, J. H. Rayburn, as receiver for the assets of the said James Echols Company, and in due time the sheriff made return of the execution unsatisfied, being unable to find any other property of the James Echols Company upon which to levy.
This petitioner filed in said cause a petition to quash the said restraining order and order appointing a receiver, and on February 4, 1933, by agreement of the parties, a hearing was had before the chancellor, and the court denied the motion to quash.
Petitioner alleged that the entire proceeding in the Woodruff Chancery Court was void for want of jurisdiction, and alleged that the court caused the receiver to readvertise and proceed with the sale of the goods, which he would do unless he was restrained by an appropriate order of this court, etc.
Prayed the court to issue an order restraining any sale or disposition of the goods and merchandise until the final hearing of this petition upon which prayed a *Page 36 
writ of prohibition against the respondent, Hutchins, as chancellor from proceeding for any purpose in this suit.
The petition was heard on February 14, 1933, by Associate Justice FRANK G. SMITH, and a temporary order granted prohibiting the receiver's sale or any other proceedings in chancery until further orders of the court. On February 20, this court approved the temporary order and extended it until a final hearing.
Respondents admitted most of the allegations of the complaint, but denied that the proceedings had in the Woodruff Chancery Court were void, and that it was without jurisdiction to take charge of the assets of the James Echols Company and appoint a receiver to wind up its assets. They alleged it was an Arkansas corporation which should be dissolved by and under the laws of the State, and prayed that the petition for a writ of prohibition be dismissed and the court be permitted to proceed in the matter according to law.
A petition of creditors was filed by F. M. Dendy for himself and others, alleging an indebtedness from the James Echols Company as salary to him as an employee of $576.54. That the James Echols Company is an Arkansas corporation doing business at Cotton Plant, Arkansas, and is insolvent. That petitioner is a foreign corporation and had obtained judgment in August, 1932, against the James Echols Company, in the Woodruff Circuit Court, and caused an execution to be issued thereon and placed in the hands of the sheriff of Woodruff County, who, on the 25th day of December, 1932, had levied upon the stock of merchandise and fixtures of said company, which is to be sold under notices given thereof on the 4th day of January, 1933, if not prevented by the court, and thereby procure and gain a preference as a creditor of said James Echols Company. The names and addresses of the creditors, so far as known to the petitioner, is set out with a prayer that James Echols Company be adjudged insolvent, the sheriff and petitioner be restrained from selling the stock of merchandise and denied a preference over the remaining creditors; that this plaintiff have judgment for his salary, and that three months of said labor and salary *Page 37 
be declared a preferred claim against said James Echols Company, and that the court take charge of the assets of said company and administer them under the statute, 1798-1801, Crawford Moses' Digest.
Upon a hearing in vacation, the court granted the petition, and restrained the sheriff from executing the levy until further orders of the court; and, upon execution of a bond in the sum of $500, appointed J. H. Rayburn receiver of the assets of the said company, and set the day for the next term of court for petitioners to appear and show cause why the order should be vacated.
Petitioner did appear specially and moved the court to quash and vacate the order restraining the sheriff from proceeding with the sale under the execution, alleging that the court was without jurisdiction in the action and the subject-matter thereof.
On February 4, 1933, the court denied the motion to quash and vacate the order, and adjudged that the petitioner had a lien upon the goods and fixtures in the hands of the receiver for the amount of its judgment, second only to the costs of the receivership and $200 owed to the plaintiff, Dendy; ordered the receiver to pay the costs of the action out of the proceeds of the sale, the claim of Dendy next for $200, allowed as a preference, and then the petitioner its judgment, etc., canceled the sale advertised for February 8, and directed the property be readvertised on the 15th of February. Petitioner objected to the findings and order of the court and saved exceptions, and appealed therefrom.
(after stating the facts). Petitioner insists the court was without jurisdiction to appoint receivers or administer or liquidate the assets of the insolvent corporation of a class covered by the National Bankruptcy Act. Jurisdiction was invoked "by petition of creditors signed by respondent Dendy on behalf of himself and other creditors who might wish to join," etc. It was alleged the corporation was insolvent, with a prayer that it be adjudged so, and the court took charge of the *Page 38 
assets, administering same under the said insolvency statute of Arkansas.
"The insolvency laws of Arkansas were suspended by the Bankruptcy Act of Congress of July 1, 1898, * * * and since that date have remained and are now in abeyance, in so far as they relate to the same subject-matter and affect the same persons as the act of Congress, which is still in force." Hickman v. Parlin-Orendorff Co.,98 Ark. 519, 115 S.W. 371. See also In re Weedman Stave Co., 199 F. 948, and Morgan v. State, 154 Ark. 273,242 S.W. 384.
In International Shoe Co. v. Pinkus, 278 U.S. 260,73 L.ed. 318, it was said:
"The question is whether, in the absence of proceedings under the Bankruptcy Act, what was done in the chancery court protects the property in the hands of the receiver from seizure to pay the judgment held by plaintiff in error," and concluded: "State laws governing distribution of property of insolvents for the payment of their debts and providing for their discharge are superseded by the National Bankruptcy Act." See also Remington on Bankruptcy, 2106-7.
It follows that the court was proceeding to act without authority, the State insolvency laws having been superseded and suspended, and its orders were void; and the writ of prohibition is granted prohibiting any further proceeding in the matter by the said court.