## SHEARIN v. CORTEZ OIL CO.
### No. 8436.

Circuit Court of Appeals, Fifth Circuit.
Nov. 27, 1937.

Richard U. Simon and U. M. Simon, both of Fort Worth, Tex., for appellants.

R. M. Rowland, W. M. Short, and J. E. Whitmore, all of Fort Worth, Tex., for appellees.

Before FOSTER and SIBLEY, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

The Cortez Oil Company was on December 30, 1936, adjudicated a bankrupt on a voluntary petition which scheduled debts amounting to $39,454 and assets estimated at $31,522. On January 28, 1937, Russell Shearin as a stockholder, McGinley Corporation as a stockholder and creditor, and U. M. Simon as a director of the corporation joined in a motion to vacate the adjudication. The bankrupt and its trustee in bankruptcy resisted by motions to strike and by answers. Another stockholder and seven creditors whose allowed claims are 93 per cent. of the scheduled unsecured debts also filed a resistance asserting that the bankruptcy was proper and requesting that the motion to vacate the adjudication be overruled. The court struck from the motion as immaterial all its allegations, except those that affirmed a want of jurisdiction in the court on the ground that the bankrupt was not domiciled and had for the preceding six months not had its principal place of business in the Northern District of Texas where the proceeding was instituted. On hearing evidence touching the jurisdiction the motion to vacate was overruled. This court is asked to supervise in matter of law both these rulings.

The portions of the motion which were stricken alleged and exhibited a precedent bill in the state court filed by movant stockholders against other stockholders alleging mismanagement and a purpose by the defendants to vote in stockholders' meeting certain shares of stock which the plaintiffs claimed was treasury stock. Injunction was prayed and a receiver if necessary. A restraining order was granted but not a receiver, and a hearing for temporary injunction set. During that hearing an agreement was reached, and approved by the court, that the restraining order be dissolved, that a named one of the three directors should resign and be succeeded by a person agreeable to both sides, and that the disputed stock should not be voted in any stockholders' meeting; but no one's rights in the stock were to be prejudiced till finally determined in the suit. The movant Simon became the new director. Shortly afterward at a directors' meeting, called to consider the financial condition of the company, at which all three directors were present, it was voted to put the corporation in bankruptcy, Simon dissenting. The motion to vacate alleged that this was a move to oust the state court of jurisdiction and was therefore a fraud upon the bankruptcy court, that the corporation was solvent, and two directors had not authority to put it in bankruptcy but only the stockholders could.

There was no fraud on the state court or breach of the exhibited agreement in the action of the directors. The suit in the state court concerned a personal difference between stockholders touching the ownership of stock, in which the creditors of the corporation have no interest at all. The bankruptcy of the corporation does not prevent the state court from going forward to adjudicate the ownership of the stock if it has any value. The agreement which is claimed to be violated does

not cover anything but the change of directors which was carried out, and the ownership and voting of the disputed stock. There is nothing in it to hamper the directors from managing the corporation as though there were no such agreement. The directors have authority to place a corporation in voluntary bankruptcy without consulting the stockholders. In re Knox Consol. Coal Co. (D.C.) 50 F.(2d) 248; In re Beaver Cotton Mills (D.C.) 275 F. 498. And see Morgan v. State, 154 Ark. 273, 242 S.W. 384. A majority of the directors may thus act. The allegations of the motion in the light of its exhibits do not show a sufficient reason for the court of bankruptcy to relinquish jurisdiction, if it has it. So far as it is a matter of discretion, the practically unanimous desire of the creditors and the incipience of administration ought to be of weight. Compare McDonough v. Owl Drug Co. (C.C.A.) 75 F.(2d) 45; Smith v. Chase Nat. Bank (C.C.A.) 84 F.(2d) 608.

The court of the Northern District of Texas has jurisdiction. The corporation was chartered in the state of Delaware, and its nominal domicile is there, but its one office and all its property and business are in Texas. It rents an office, keeps its books and its bank accounts and attends to its correspondence and its general business, including making up tax returns and oil reports, at Fort Worth in the Northern District. There its officers reside and there they hold their meetings and those of stockholders. The corporation owns six small oil wells and they are in the Southern District of Texas, where the oil is produced and delivered to the pipe line; the proceeds of which is the company's income. The company, however, does nothing there but to have one employee to "nurse" the wells and to keep the machinery in repair and send in daily reports to the office. Any one seeking to buy oil or pay a debt or have any other transaction with the company would go to the office at Fort Worth. An officer of the law in Texas would go there to serve the corporation or make any demand upon it. We think that as between the Northern and Southern Districts of Texas the holding that the principal place of business was in the Northern District was justified. Compare Dryden v. Ranger Refining Co. (C.C.A.) 280 F. 257, and Burdick v. Dillon (C.C.A.) 144 F. 737.

Judgment affirmed.